### THOMAS WILKINS *v.* THE PARISH OF EAST BATON ROUGE.

A new trial should be allowed whenever justice requires it.

APPEAL from the District Court of East Baton Rouge, *Johnson*, J.

MORPHY, J. The petitioner seeks to recover of the defendants the amount of two warrants on their treasurer, subscribed by Samuel Skolfield, their auditor of accounts, one for the sum of $532, and the other for $468. The defence is, that these drafts were given in error; that the Police Jury became indebted to the plaintiff on a contract to build a parish jail, and for extra work thereon in the sum of $8582, but that, in discharge of that obligation, the auditor for the parish erroneously furnished the plaintiff, from time to time, warrants on the parish treasury, including the two now sued on, for the sums of $9481 44, the

warrants thus exceeding his just demand against the parish by $899 44, which sum is pleaded in compensation, and prayed to be credited on the drafts claimed. The contract entered into between the parties for the building of a parish jail, shows that the sum agreed on was $8000, and the auditor of the parish, who was examined as a witness, testified that the amount of extra work done by the plaintiff on the parish jail and clerk's office was $532 ; that this sum had been allowed by the Police Jury, and a warrant for it issued to the plaintiff, which is one of the two sued on. This witness proved that the plaintiff received from him warrants, at different times, amounting to $9481 44 ; but his testimony, as taken down on the trial, did not show the consideration for which these warrants had been issued. The court below, in rendering judgment in favor of the plaintiff, was probably of opinion that these warrants, being evidences of indebtedness against the defendants, and it not appearing why they were given, no error or mistake had been shown. The defendants moved for a new trial, on the ground that the clerk, in taking a note of the evidence, had omitted to state that all the warrants issued in favor of the plaintiff were for the building of the parish jail, and for extra work on the same and the clerk's office, as it appeared from the auditor's book, which had been brought into court, and to which he was called upon to refer on the trial. To this motion they annexed an extract from the auditor's book, sworn to by that officer. From this extract, or transcript, it appears that the parish warrants which issued to the order of Thomas Wilkins, and amount to $9481 44, were all on account of the building of the jail, with the exception of two warrants, amounting together to $582, which are mentioned as being for extra work done on the jail and clerk's office. The sum given for extra work being deducted from the aggregate amount of all the warrants, would leave $8899 44, as having been paid for the building of the jail, when by the contract $8000 only were due. This, we think, was a sufficient showing to have induced the judge to use his discretionary power, of allowing a new trial whenever the ends of justice seem to require it. If there has been extra work done to the amount of $1481 44, instead of $582, as would appear from the warrants

issued to the plaintiff's order, the latter will have an opportunity of showing it. Unless this be done, the defendants will appear to have overpaid a sum of $899 44, on their contract with the plaintiff.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and the case remanded for further proceedings; the plaintiff and appellee paying the costs of this appeal.

*Brunot*, for the plaintiff.

*Elam*, for the appellants.