(57 South. 521.)

No. 18,738.

## QUIRK v. MILLER.

(Jan. 2, 1912. Rehearing Denied Feb. 12, 1912.)

*(Syllabus by the Court.)*

1. DEDICATION (§§ 15, 31*)—NATURE AND REQUISITES.

Dedication of private property to public use should be made to appear, and an intention on the part of the owner to do so should·be shown, and an acceptance by the public, either express or implied, should also be shown.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 13, 64, 65; Dec. Dig. §§ 15, 31.*]

2. DEDICATION (§ 19*)—REQUISITES AND SUFFICIENCY.

The mere making of a plat of a thinly settled area, whereon the name of a street is given, is not sufficient proof of the existence of such street.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 35, 37–47; Dec. Dig. § 19.*]

3. INJUNCTION (§ 9*)—NATURE OF REMEDY.

An injunction will issue only when necessary to protect one in the enjoyment of a right, but will not issue to protect a right not in esse and which may never arise.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 8; Dec. Dig. § 9.*]

4. INJUNCTION (§ 257*)—WRONGFUL INJUNCTION—LIABILITY.

While the case at bar is not such a one as to justify the issuance of an injunction, neither is it one where damages should be allowed.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 606; Dec. Dig. § 257.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by Edmund C. Quirk against Denis Miller. Judgment for defendant, and plaintiff appeals. Affirmed.

Smith & Carmouche, for appellant. Cline, Cline & Bell, for appellee.

BREAUX, C. J. Plaintiff complains that defendant blocks up the public street in the village of Millerville and prevents free access to his warehouse and to his pumping plant, and that he trespasses upon his property, and prevents him from keeping up his guy ropes.

Plaintiff obtained an injunction to enjoin defendant from interfering with the guy ropes, and, in addition, asks that he be condemned to remove the obstructions in the streets, and also to remove the warehouse that he is constructing in so far as it encroaches upon the public street or road.

The defendant moved to dissolve the injunction on the ground that the affidavit for the injunction is not true. He denied that his warehouse obstructed the public street or road, or encroaches upon the property of plaintiff; denied that Millerville is a village, or that there are public streets at the place known by that name; and he denies that plaintiff has any servitude of way upon any of the land mentioned in the petition.

Defendant claims ownership of all the land on which his warehouse is situated and of the large tract of land on which Millerville is situated. He states in his answer that in 1889 he had a plat made of the land; that it is not a correct plat; that it was not drawn to scale; that the streets do not connect with any road or stream; that they have never been used; that plaintiff is without interest in the land, and his injunction was issued without right; that plaintiff's warehouse is near defendant's land, and in order that plaintiff may go to and from his warehouse, he has to pass over his (defendant's) land, which he, to be neighborly, has permitted. As to his own warehouse, he states that it stands in no one's way; that there is a strip of land measuring 30 feet in width which is used by plaintiff and defendant; that it is all that he needs for a passageway.

Defendant reconvenes and states that Broad street is occupied by an irrigating canal company of which plaintiff claims to be the owner; that, if there should be a judgment in favor of plaintiff, he in turn should be condemned to close his irrigating canal running through the entire length of that street.

Furthermore, the defendant urges that the alleged streets have never been accepted by any one; that they are entirely useless as streets, either to the public or to any particular person.

He claims damages in the sum of $350, and avers that the injunction should be dissolved.

The court dissolved the writ of injunction, and reserved to the defendant the right to sue for damages on the injunction bond, and the plaintiff has appealed.

All the issues are before us on the motion filed by Miller to dissolve the injunction. The grounds of the motion are that the injunction issued without cause, as he did not construct any part of his warehouse on the street; that there is no public street upon which it is possible to encroach, for there is no village of Millerville; and he particularly denies that plaintiff has any right or other use upon any of the ground occupied by his (defendant's) warehouse.

Defendant further claims in his motion to dissolve that he is the owner of the land upon which his warehouse is built; that an incomplete and erroneous plat, which he caused to be made and merely left in the clerk's office, without instruction to record it, was not a dedication of streets to public use; that Millerville is not even a village, and only has a name, and exists only on paper; that plaintiff owns no land within the limits of the town and does not have the right to a passageway over the said street; that plaintiff passes over his (defendant's) land to go to his pumping station just outside of the plated place; that altogether plaintiff does not have the least ground for an injunction; that plaintiff's irrigating canal flows through Broad street, an asserted street within the limits indicated by the plat; and, furthermore, that, these alleged streets have never been recognized as public streets, and form no part of the street system of any town or of the roadways of any parish.

[2] Millerville, known as such only by a plat in which the place is designated by that name, has no population. The respective dwellings of plaintiff and defendant are not within its limits. It does not even have a blacksmith shop. At one time there was a saloon there. It is located on the plat as the old saloon. The interests in the place are represented by plaintiff and defendant, whose differences lately have taken the shape of one claiming that the other is a trespasser upon public rights, although it does not appear that there are persons to constitute a public save plaintiff and defendant and a few others.

If it ever was any one's ambition to see a village and then a town grow to any size in the prairies watered by the Bayou Ney Pique, in which the few hamlets are, that dream has never been realized, for there is there only a waste through which flows an irrigation canal and near which rice farms are cultivated.

Plaintiff does not prove in what respect the public is interested, nor in what respect he is injured. He has all the passageway he needs. Unless he, in some way, proves an interest which is imposed upon, he is without a right of action. Tilly v. Mitchell & Lewis Co., 121 Wis. 1, 98 N. W. 969, 105 Am. St. Rep. 1007; R. S. 3384–3386.

At this time, plaintiff uses oil as fuel in operating his irrigation canal. His apprehension is that oil for fuel will be exhausted in the near future; as we take it, oil is piped to his tanks. Later, he may have to burn wood instead, and then he will have to haul wood in wagons, and more road space will be required than there is at present.

Furthermore, without specifying, but in general terms, he asserts that he, at no distant day, may have to haul heavy machinery to his irrigation plant, and, in that case, the narrow way, about 25 feet, will not be wide enough.

If there should be a street, the right to which plaintiff has not proven, it will be time enough to apply for relief. For the time being, the situation can well remain unchanged.

[1] Dedication of private property to public use should be made to appear; there should an intention be shown on the part of the owner, and it should at least be implied by acceptance by the public. Elliot on Roads, c. 5, pp. 85, 86; De Grilleau v. Frawley, 48 La. Ann. 193, 19 South. 151; Arrowsmith v. City of New Orleans, 24 La. Ann. 194; Heirs of Leonard v. City of Baton Rouge, 39 La. Ann. 283, 4 South. 241.

In the days when there was some prospects of Millerville becoming a center of population, the owner sold two or three lots for small amounts. They were bounded, it was stated, on a street. The vendees would have the right to complain were this fact proven, and it was evident, besides, that there was an intention to sell property bounded by a street to be used, and that it was not a mere description, a word used when in reality there was no street, and therefore no servitude acquired.

[3] The plaintiff who seeks to have Main street opened holds the whole of Broad street, with his irrigation canal. It does seem that it would be fair, if plaintiff insists upon the removal of every obstacle on Main street, that he should begin by finding another channel for the irrigation waters of his canal to flow through. It would scarcely be right for him to hold Broad street with his canal and at the same time deny to defendant the right to occupy part of the main street, so called, though it was never a street.

Another complaint of plaintiff that we have not particularly noticed heretofore is that his guy ropes, which hold up the smokestack of his pumping plant, or make them more steady, are interfered with by defendant. If there is interference, it is a very mild interference. The guy is secured a few more feet above the surface of the ground than it would be if plaintiff had not objected to anchoring it so near his warehouse. If the sketches forming part of the record are correct, there is ground to amply secure the guy of the smokestack.

Furthermore, the sale by defendant to plaintiff did not include agreement to furnish place chosen by plaintiff.

[4] Defendant prayed for damages for wrongful issuance of injunction, in an amount of $350. Of this, $250 for fee of attorney and $100 for expenses and loss of time by defendant. The demand was rejected and disallowed.

The nature of the case is such that we really do not think there is much ground for damages. One is about as much at fault as the other in this quarrel between owners of adjacent lands.

It does not abundantly appear that this court has jurisdiction. There is not an issue of the case representing a money value. No damages are claimed, and none of the properties affected are proven as worth an amount within the jurisdiction of this court.

There is a judicial allegation made to bring this case within the lower limits of the court's jurisdiction. There is also an admission by counsel to the same effect. There is no evidence as to any value at all.

It may be that there is a value somewhere lurking among the facts, which, although not expressed or proven, warranted the allegation and the admission before mentioned. For that reason, we have concluded to affirm the judgment, and put an end to this litigation.

We will state that counsel should not depend too much upon admission to bring cases within this court's jurisdiction.

For reasons stated, the judgment is affirmed.