No.——

### First Circuit

### MARTIN, ET AL., v. CITY OF LAFAYETTE

(January 5, 1928.   Opinion and Decree.)
(March 7, 1928.   Rehearing Refused.)
(May 7, 1928.   Writs of Certiorari and Review Denied by Supreme Court.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Dedication to Public Use—Par. 1, 5.**

The dedication of a street for a width of forty feet does not apply to that part of the street of which the public has never had the use, but which was privately owned and possessed.

2. **Louisiana Digest—Dedication to Public Use—Par. 1, 5, 12.**

Where property, part of which encroached upon the forty-foot width of the street, was acquired by reference to the street as a boundary, possession being bought, sold and delivered including the encroachment, the owner is not estopped from claiming title to that part of his lot, of which he has possession which encroaches upon the street of the city.

Appeal from the Parish of Lafayette. Hon. W. W. Bailey, Judge.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Dubuisson, Perrault and Burleigh, of Opelousas, attorneys for plaintiffs, appellants.

George P. Lessly, of Lafayette, attorney for defendant, appellee.

ELLIOTT, J. The plaintiffs as heirs and owners in possession by inheritance from Andre M. Martin, brought a possessory action against the City of Lafayette, to be restored to and quieted in their possession of a strip of ground about two feet wide and seventy feet long, which they allege adjoins Douglas Street on the northwest side next to Congress Street situated in the City of Lafayette. That said strip is a part of a certain parcel and tract of land which their father, Andre M. Martin, acquired by purchase from Aureline Trahan by authentic act of sale dated October 11, 1917.

They allege that the City of Lafayette forcibly entered on and dug up the ground, uprooted trees and hedges and ousted them from their possession of the same. They prayed for an injunction against the City, but that feature of the proceeding has passed out of the case.

The defendant City, answering their demand, denied that it had trespassed on plaintiffs' property. The City alleges that the strip of ground in controversy is a part of Douglas Street. That Douglas Street is a public street of the City of Lafayette, duly dedicated as such and accepted by public use, and that plaintiffs could not have had possession of any part of the public street. In order to definitely establish whether or not this strip of ground was or was not a part of Douglas Street, the City pleaded and set out plaintiffs' chain of title in its answer, back to August Cesar and Governor Alexander Mouton. The City contends that Douglas Street is forty feet wide, that the various owners of plaintiffs' property have bought and sold it in the past with reference to Douglas Street, as located on the map of the City as one of the boundaries of same. That plaintiffs are estopped by said recognition from disputing that Douglas Street

is forty feet wide adjoining their property. The City prays that the plaintiffs be held estopped and that their demand be rejected.

The old maps and titles placed in the record, show the rights of the parties with reasonable certainty. The City engineer made a survey and map at the instance of the City, showing Douglas Street and the tract of land claimed by plaintiffs by title deraigning from August Cesar and Governor Alexander Mouton. The City desires to pave Douglas Street and the map shows the trees and hedges which it removed in order to make the street and pavement harmonious in width. The measurements made by the City engineer for the purpose of ascertaining whether plaintiff's inclosure encroached on the street are very fully explained by him in his testimony. According to his measurements, and it is his opinion based thereon, that plaintiffs' enclosure encroaches upon Douglas Street considerably more than two feet in depth by seventy in length, but he explains that plaintiffs' encroachment and that of others on the street are of ancient date and that the City decided on that account, not to insist on an opening wider than thirty-four feet, and that in order to reach that width, it was only necessary to move plaintiffs' enclosure back about two feet for a distance of seventy feet.

The plaintiffs had two surveys made, each by a different surveyor for the same purpose. Their measurements and opinions support the contentions of the plaintiffs. The question of title and dedication was fully and fairly entered into. The decision of the case hinges on the correct location of the one and one-half acres of land which Governor Alexander Mouton sold and delivered to August Cesar by two acts of sale, the first dated October 11, 1843, the other May 10, 1847. Measuring

from the starting point used by the city engineer, plaintiffs' premises encroach upon Douglas Street for quite a distance beyond the width which the City claims of them. But measuring from the starting points used by the other two surveyors, working from different points of departure but each with practically the same result, the strip of ground in question is not a part of Douglas Street, but part of plaintiffs' property by title and possession deraigning from August Cesar and Governor Alexander Mouton, before Douglas Street came into existence.

It is our conclusion from the evidence that the two engineers employed by the plaintiffs have correctly located the small strip of land which Alexander Mouton sold and delivered to August Cesar in 1843 and 1847. The land, at that time, was not in, but near the town of Vermillionville, by which name the City of Lafayette was then known. The two tracts formed one body of land 208.7 feet wide by 313 feet in length and was outside of and beyond the city limits. The old titles show that same was not sold with reference to the town, nor according to streets, because there were none in that locality at that time.

August Cesar entered on and enclosed the land and was living on it when he died. His possession commenced so far back, that no one could definitely fix the time it began. The property was sold in his succession to C. H. Mouton. He sold it to William Brandt, and from Brandt it passed by mesne and intervening conveyances to Andre M. Martin; not the entire tract, but that part of it remaining and as above described, after some portions had been sold therefrom. According to the surveys and measurements which we find to be correct, the strip of ground in controversy is not a part of Douglas

Street, but belongs to plaintiffs as part of the land called for by their title deraigned from August Cesar and Alexander Mouton before Douglas Street came into existence, and before Governor Mouton had sold the adjoining and surrounding land of which Douglas Street is a part. This subsequently acquired and surrounding land was subdivided into lots and streets. The streets were dedicated by the owners of the land, and one of them was Douglas Street forty feet wide, but the street as outlined and mapped is located in part on the tract of land which Governor Mouton had sold and delivered to August Cesar years before. Therefore Douglas Street, to the extent that it was projected and mapped and placed on the Cesar tract of land, could not be dedicated except with the consent of August Cesar. He never consented and it was never dedicated to the extent that it was on his property. The evidence shows that none of his successors in title have ever relinquished any part of his original limits, but have continuously and without interruption maintained their possession by enclosures without regard for the forty-foot width claimed for Douglas Street opposite and adjacent to plaintiffs' property. The result is that Douglas Street opposite their property has never been more than about thirty-two feet wide, and that is the situation today.

The City contends that the dedication of Douglas Street is effective for a width of forty feet its entire length because of the public use of part of its length. There is no force in this contention as to the strip of ground in controversy, because the public has never had the use of it. Livaudais vs. Municipality No. Two, 16 La. Ann. 509; Carrollton Railroad Co. vs. Municipality No. Two, 19 La. 62; Thomas Wilkins vs. The Parish of Baton Rouge, 10 Rob. 57; Municipality No. Three vs. The Levee Steam Cotton Press Co., 7 La.

Ann. 269; Municipality No. Two vs. Palfrey, 7 La. Ann. 497; Quirk vs. Miller, 129 La. 1071, 57 So. 521.

The City also contends that plaintiffs are estopped from contending that Douglas Street is not forty feet wide as projected and outlined, even though it reduces their property, because the street is referred to in a number of the titles whereby plaintiffs' authors acquired the property, as boundary of the same. But plaintiffs are not estopped by these calls of their title, because in every instance, plaintiffs' property was bought and sold and delivered according to the same possession in the matter of limits, that it had at the time it was owned by August Cesar.

Douglas Street does extend along it, forming one of its boundaries, and this has been the case since Douglas Street was established, but all the time, due to plaintiffs' title and enclosures, its width, opposite and adjoining their tract of land has been limited to about thirty-two feet.

The judgment in favor of the City of Lafayette is therefore contrary to the law and the evidence, and erroneous, and must be reversed and judgment rendered in favor of the plaintiffs as prayed for.

It is therefore ordered, adjudged and decreed that the strip of ground in controversy in this case, situated in the City of Lafayette, Parish of Lafayette, State of Louisiana, two feet wide by seventy feet in length, adjoining Douglas Street on the northwest side next to Congress Street, is the property of the plaintiffs, Clara Martin, widow of Henry Fontenot, Henry J. Martin, Neita Martin, wife of Charles Joubert, Cora Martin, wife of A. E. Praeger, Aimee Martin, wife of J. C. Fuller, Leola Martin, wife of C. W. Roy, Agnes Martin, wife of L. L. Perrault, owners and possessors in indivision as heirs of Andre M. Martin, acquired by purchase from Aureline Trahan, and which she acquired by title deraigning through mesne and intervening conveyances from August Cesar, and by him from Governor Alexander Mouton. And it is ordered that they be restored to and quieted in their possession of the same.

The City of Lafayette is to pay the costs in both Courts.