No. 3684

Second Circuit

(Second Division)

## JOUETT v. KEENEY

(July 16, 1931. Opinion and Decree.)
(August 12, 1931. Rehearing Refused.)

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, attorneys for plaintiff, appellee.

Frank J. Looney and Frank O. Looney, of Shreveport, attorneys for defendant, appellant.

TALIAFERRO, J. Mrs. M. E. Keeney, defendant, on December 7, 1907, by warranty deed, in notarial form, sold and conveyed to John Armstead the following described property in the city of Shreveport, to-wit: "Lot seven (7) and nineteen feet and eight and one half inches off of the adjoining side of Lot eight (8) in Block Four (4) of the Holmesville Subdivision in the City of Shreveport, Caddo Parish, Louisiana, as per map in Conveyance Book V, pages 733 & 734— less a strip of five feet wide off the rear end of said lots which is reserved from this sale and dedicated to the City for alley purposes."

John Armstead conveyed the same property with same exception to Charles R. Jouett, plaintiff herein, and to John H. Jouett, on May 29, 1911, and on January 16, 1912, John H. Jouett conveyed to plaintiff his one-half interest in same property. Acts of sale mentioned were all duly re-

corded in the conveyance records of Caddo parish.

Plaintiff alleges that notwithstanding the reservation and dedication of said 5-foot strip of land off of rear of said lots 7 and 8 for alley purposes, defendant, Mrs. Keeney, now asserts that said dedication has been set aside, that same belongs to her, and she has attempted to inclose same with a fence. He further avers that he acquired said alley rights in the acts of sale to him, and that same are very beneficial and valuable to his said lots, and furnish a means of ingress and egress thereto; that unknown to him and without his knowledge and consent said defendant secured the adoption of an ordinance or resolution by the city of Shreveport purporting to cancel said dedication of said alley as aforesaid, but that such action on the part of said city, being to his prejudice, is and was illegal and void, for the reason that said alley was dedicated by defendant and was a part and parcel of the property conveyed by her to John Armstead and thereafter acquired by petitioner; that the use of said strip of land has not been abandoned by him and is needed and used by him and was for a number of years used by the public for alley purposes; and that his right of servitude or passage acquired under the deeds above mentioned cannot be thus taken away from him without violating the Fourteenth Amendment of the Constitution of the United States. He further avers that defendant does not own any property abutting said alley, and when same was vacated or abandoned by the city of Shreveport it did not revert to her, but to petitioner, whose property abuts it; that he acquired full ownership of said strip by virtue of said resolution of the city of Shereveport setting aside said dedication.

Plaintiff prays that he be recognized as the owner of said strip of land, and, in any event, that his right of passage or servitude over same be recognized.

Before defendant answered, she filed a prayer for oyer of the deeds referred to by plaintiff and of the resolution of the city of Shreveport purporting to cancel the dedication of said alley. These documents were then produced and filed. The resolution is as follows:

"Resolution No. 173 of 1927.

"Whereas a dedication was made in 1907 by Mrs. James Keeney and others of a strip off the rear of lots 7-8-9, Block 4, Holmesville Subdivision and a like strip was to be dedicated off the lots in rear of said lots, and

"Whereas said like strip was never dedicated and the dedicated strip was never opened up nor ever used for traffic, therefore,

"Be it resolved by the City Council of the City of Shreveport in regular and legal session convened, That the Mayor be and is hereby authorized to sign a quitclaim deed on behalf of the City, returning this property without warranty to the owners of said lots."

Defendant avers that the strip of land dedicated by her to the city for alley purposes was never accepted by the city formally or by user thereof and therefore never took effect; that the title to said land was never in the city and therefore could not have reverted to the adjacent or abutting property owners; that said strip of land belongs to her and has so belonged to her at all times, and, even should the court hold that plaintiff had a servitude on the property, he has lost same by nonuser for more than ten years under articles 789 and 3546 of the Civil Code. She admits that she had the city of Shreveport adopt the ordinance canceling the dedication; that she fenced the

land in controversy; that she owns no land abutting same; and prays for judgment recognizing her asserted ownership.

The land was adjudged by the lower court to belong to plaintiff, and defendant prosecutes appeal from that decree.

There is no plat of the Holmesville subdivision in the record, but it is admitted that block 4 thereof contains no alley; that is, none was laid out and dedicated when the subdivision was created. The record does not. disclose the fact affirmatively, but we think this block contains twelve lots, with lots 1 to 6 forming the south tier and lots 7 to 12 forming the north tier, with lots 6 and 7 on the east side of the block. The block is bounded by Stoner avenue on north, Louisiana avenue on east, Eagan street on south, and Nutt street on west. The lots measure 50 feet across, east and west. The two tiers abut each other in the center of the block.

It was evidently contemplated in 1907 that an alleyway would be established through this block 4, 10 feet wide, from Louisiana avenue to Nutt street, by the abutting property owners dedicating strips of five feet in width from their respective lots, but this did not materialize; hence the declaration in the resolution of the council of the city of Shreveport to that effect.

It is not shown that Armstead used or improved the lots he purchased from Mrs. Keeney, but after plaintiff acquired the property in 1912 he erected a barn on it for use of his horses close to the alley line, and at same time erected a fence on north line of the alley, which remained there, according to his evidence, three or four years. In 1913 he erected a brick store building at the corner of the lot 7,

with 38 feet front on Louisiana avenue. The balance of the lot to the alley is vacant and is used for parking purposes. Plaintiff also erected a wall between 18 inches and 2 feet in height along his property line on Louisiana avenue to the alley. A driveway was provided through this wall about midway of it. The city left open a driveway 10 feet wide in the curb on Louisiana avenue, which we conclude from the evidence was opposite and intended for use of the 10-foot alleyway contemplated through the block. It does not appear when this was done. Plaintiff says he used this driveway in reaching his barn through the corner of his lot, over the eastern end of the alley, until 1917, but, in view of the fact that he placed a post of concrete at end of the wall at alley line and opposite side of alley was fenced, we conclude that vehicles did not enter his property across any part of the alley.

He states that he bought an automobile in 1917 and thereafter used the driveway in the wall on Louisiana avenue to enter his property.

The contemplated alley was never extended through block 4. The owners of the lots that lay south of lots 7 and 8 declined to make a dedication of a strip adjacent to that dedicated by defendant, but, on the contrary, maintained a fence on their property line for a time and then sold the lots, and a garage or filling station was erected thereon.

It is not seriously contended that this alley could have been used by the public, except by pedestrians entering or leaving the adjacent properties. It was not a short-cut across the block, as it did not extend entirely through it. The evidence shows that vegetation grew and flourished

over the alley to such size that the health authorities ordered it cleared, and the fences on both sides decayed and fell into it.

Defendant resumed interest in this strip of land in 1922, some fifteen years after her deed to Armstead. The tax assessor informed her that it was hers, but she was indifferent about it until that official assured her that it belonged to her, and then she consented that she be assessed with it. She thereafter endeavored to sell it to plaintiff. He refused to purchase. She fenced the north side of it, and this suit followed.

The strip was assessed to Mrs. Keeney from 1922 to 1928, inclusive, but from 1908 to 1921, inclusive, it was not assessed to any one, excepting that for the years 1918 to 1926 the entirety of said lot 7 was assessed to plaintiff.

The dedication of the 5-foot strip by Mrs. Keeney to the city of Shreveport was inchoate. The city was not a party to the instrument containing the reservation and dedication, and we do not think it afterwards accepted the stipulation in its favor expressly or impliedly. To effectuate the establishment of the alley across the block, of which this reserved strip would be a part, it was necessary that other owners of lots make like dedications to the city. This was not done, and the city apparently abandoned the project entirely. The fact that an opening for a driveway was left in the curb, presumably built by the city, opposite the Louisiana avenue entrance to this alley, is pointed to as evidence of the city's recognition of the existence of the alley, but it does not appear when this curbing was laid. We are inclined to believe it was before 1907, at which time the city evidently indulged the hope to see an alley through the block at this point. It is also argued that, inasmuch as this strip of land was not carried on the city's assessment rolls from 1907 to 1921, as being owned by plaintiff or defendant, the city thereby tacitly admitted its ownership to the land, and this operated as an acceptance of the dedication to it by defendant. Defendant answers this argument by saying that the tax assessor who prepares the roll from which the city collects its taxes is not an official of the city, but of the parish of Caddo, and cites the following authorities to the effect that the acts of a tax assessor do not have the effect of an acceptance by the city of a dedication to it.

"Assessment of property according to a plat does not show acceptance by city of streets and alleys shown by plat, since assessor has no authority to accept dedication of a street." Boatmen's Bank v. Semple Place Realty Co., 202 Mo. App. 57, 213 S. W. 900; Third Decennial Digest, vol. 10, page 627.

"Tax assessor has no authority for a city to accept a dedication of lands for street purposes by the owner." Johnson v. City of Niagara Falls, 230 N. Y. 77, 129 N. E. 213; Third Decennial Digest, vol. 10, page 628.

It is clear to us that the dedication made by defendant was simply one step in the desire to create a 10-foot alley through the block. The ultimate opening of the alley was dependent upon all of the abutting property owners making dedications of land of like width. When concurrence on part of the property owners failed, the project also failed, and, as declared in the resolution adopted by the city council "the dedicated strip was never opened up nor ever used for traffic." The 5-foot strip ending near the middle of the block could not possibly serve the purposes for which a passageway of that kind is de-

sired, and, so far as we are able to see, would be of no practical benefit to the abutting lots of either side.

Mrs. Keeney, in the sale to Armstead, positively reserved from it the strip in question. If nothing further had been said by her, in this act, affecting the property reserved, it could not be questioned that she continued to be the owner of it without qualification. If she wished to donate it to any one or establish a servitude upon or over it she had the right to do so. She exercised the right with which she was thus invested by dedicating, so far as she could, the reservation to the city of Shreveport for alley purposes. If the purposes failed of accomplishment, then the proffered dedication ceased to bind the grantor. The city was the grantee and the only one in whom reposed the power and right to accept the offer of dedication to it.

We find that there was no express acceptance of the dedication by the city, and none impliedly by user of the property. Therefore the inchoate grant to the city, as a result of its long inaction, ceased to be effective, and, in the final analysis, amounted to nothing more than an offer which, by silence and inaction, was declined.

It is indispensable to the consummation of a dedication of property to public use that there be some sort of acceptance. No exact form for such is prescribed by law. That requirement is enunciated in one of the early cases to reach the United States Supreme Court, that of Cincinnati v. White's Lessee, reported in 6 Pet. page 431, 440, 8 L. Ed. 452, wherein the court said that there are two principal requirements to be fulfilled in an act of dedication, viz.: "The assent of the owner of the

land, and the fact of its being used for the public purposes intended by the appropriation"; use being equivalent to acceptance.

This doctrine has been uniformly adhered to by our own courts in many decisions. In the case of Linton v. Guillotte, 10 Rob. 357, it is said:

"Although no particular form is required for the dedication of land to public use, the positive assent of the owner, and the fact of the land being used for the public purposes intended by the appropriation, must at least, be shown (Cincinnati v. White) 6 Pet. 431 (8 L. Ed. 452; Gleisse v. Winter) 9 La. 152; (Municipality No. 2 v. Orleans Cotton Press) 18 La. 122 (36 Am. Dec. 624; City Council of Lafayette v. Holland, 18 La.) 291. When, in 1841, the petitioner bought this property, the reference in her sale to the plan made in 1830, was sufficient to put her upon the enquiry, why the street, which was contemplated more than ten years before, had not yet been opened. She could easily have ascertained that the project of opening this street had long since been abandoned."

Also:

"As we have said, there was no dedication. Had there been one, it was inchoate only, until the acceptance of the party for whose benefit the dedication was intended." Livaudais v. Municipality No. 2, 16 La. 509, 514.

"If any dedication was ever intended it remained inchoate, until some evidence of acceptance was exhibited." Carrollton R. Co. v. Municipality No. 2, 19 La. 62, 71.

To same effect is the recent case of Quirk v. Miller, 129 La. 1071, on page 1075, 57 So. 521, 522, wherein the court said: "Dedication of private property to public use should be made to appear; there should an intention be shown on the part of the owner, and it should at least be implied by acceptance by the

public." Citing Elliott on Roads, c. 5, pp. 85, 86; De Grilleau v. Frawley, 48 La. Ann. 193, 19 So. 151; Arrowsmith v. City of New Orleans, 24 La. Ann. 194; Heirs of Leonard v. City of Baton Rouge, 39 La. Ann. 283, 4 So 241.

And in the very recent case of Jaenke v. Taylor, 160 La. 109, 106 So. 711, 714, the following language is used: "A dedication to public use is inchoate only, until after its acceptance, which acceptance may be shown by authentic act or the use of the property in manner and for the object designated." David & Livaudais v. Municipality No. 2, 14 La. Ann. 872.

Also: "Until the right is exercised by the public authorities, the 60-foot space is not a public road." Landry v. Gulf States Utilities Co., 166 La. 1069, 1074, 118 So. 142, 144.

It is contended by plaintiff that the dedication of the strip for alley purposes by Mrs. Keeney was for the benefit of the property sold to Armstead and now owned by plaintiff, and therefore the city had not the right or power to revoke the dedication to his prejudice. Whatever may have been the rights and privileges of plaintiff originally over this dedicated strip of land such have been lost by nonuser for more than ten years. The evidence is conclusive he has not used the land to any extent as a passageway since 1917. Civ. Code, arts. 783, 789; Thompson v. Meyers, 34 La. Ann. 615; Knox v. L. R. & N. Co., 157 La. 602, 102 So. 685.

The city through the action of its council has disclaimed interest in the strip of land, thereby confining the question of ownership to the parties to this suit.

When the city adopted the resolution mentioned, it conceded its lack of ownership of or interest in the land covered by the dedication, and, in our opinion, that position was correctly taken. Therefore, in declaring the failure of the project to open up an alleyway through the block, and authorize its mayor to execute a quitclaim deed covering the strip of land, it did not divest itself of a real right, or a "thing of value" as embraced in the prohibition of article 4, sec. 12, of the Constitution.

For the reasons herein given, we do not think Act No. 151 of 1910 has any bearing upon the issue of title to the land in, controversy. That act was intended to apply, and does apply, only to roads and streets and alleys which were at one time used as such and had been abandoned or were no longer needed. This conclusion makes it unnecessary for us to consider the attacks of plaintiff against this act on constitutional grounds.

The strip of land in question, in our judgment, belongs to defendant, free of the dedication of it made by her in the deed to Armstead.

For the reasons herein assigned, the judgment of the lower court is annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that defendant have judgment against plaintiff recognizing her to be the owner of the strip of land in controversy and described in plaintiff's petition, free of the dedication of same to the city of Shreveport, which is hereby decreed to be without effect, and she is hereby quieted in her possession thereof.

It is further ordered and decreed that plaintiff pay all costs of this suit.