## LIFE v. GRIFFITH.

### No. 6107.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

Rehearing Denied July 5, 1940.

Certiorari Denied July 30, 1940.

Harvey L. Carey, of Shreveport, and W. T. Drew, of Minden, for appellant.

R. D. Watkins, of Minden, for appellee.

HAMITER, Judge.

In the month of November, 1923, defendant, B. F. Griffith, filed in the map book of the Conveyance Records of Webster Parish, Louisiana, a plat describing the subdividing into lots of certain property owned by him and located in the City of Minden; and thereafter he effected sales of the property in accordance with the subdivision plan.

Shown on the recorded plat, which bears the heading, "Pinehurst Addition to Minden", are the numbers and respective dimensions of such lots, and also the names of the several streets provided for. Buchanan and Elm streets, it discloses, run north and south, while Griffith street courses in an east and west direction. On the lower portion of the instrument is the signature of said defendant. It follows a statement reading, "All streets and alleys are dedicated to City of Minden". Also, there is a printed form thereon for an acceptance by the chairman of the street and alley commission of such city, but it appears unexecuted.

The petition of plaintiff, Mrs. Ruth Caldwell Life, in this cause contains the allegations that she owns certain property in said subdivision that is separated from property belonging to defendant by the above mentioned Griffith street, which is 30 feet in width; and that notwithstanding his dedication listed on the above described plat, defendant "has placed or caused to be placed a fence across the said street and has completely blocked the use thereof and arbitrarily refuses to permit the street to be used and refuses to remove the said obstructions."

She prays for a judgment against defendant in the amount of $200 as damages for his alleged unlawful acts; and further "decreeing Griffith Street to be in existence from Elm Street to Buchanan Avenue with a width of 30 feet and as fully shown on the Map of Pinehurst Addition to the City of Minden, Webster Parish, Louisiana, as on file and of record in Map Book 1, page 57, Clerk's Office, Webster Parish, Louisiana, and ordering the defendant, B. Frank Griffith, to recognize same and further ordering him to desist and cease from further obstructing said street, and ordering him to remove the fence or fences across same, * * *."

Defendant filed exceptions of no cause and no right of action and nonjoinder of parties defendant. All were overruled.

In the answer he denies the existence of Griffith street, contending that it was never legally dedicated, and further denies that he placed the fence across the disputed strip. Also, defendant pleads estoppel on the part of plaintiff, predicating it on certain affirmatively averred facts to which reference is hereinafter made.

The demands of plaintiff for damages were rejected by the trial judge, and they have since been abandoned. However, she was granted judgment in accordance with the remainder of her prayer. This appeal by defendant followed.

The primary question presented on the merits and under the exceptions of no cause and no right of action is whether or not Griffith street is a legally dedicated thoroughfare. Defendant urges that it is not, pointing out that the City of Minden has not accepted it either formally by an instrument in writing, or by use; and in this connection the case of Jouett v. Keeney, 17 La.App. 323, 136 So. 175, 177, is cited and relied on. Therein this court held and said, "It is indispensable to the consummation of a dedication of property to public use that there be some sort of acceptance."

Plaintiff counters with the suggestion that defendant Griffith, in subdividing the property, recording the described plat, and selling lots pursuant to the subdivision plan, has made an effective and irrevocable statutory dedication of Griffith street.

In view of the language and holding of the Supreme Court in the comparatively recent decision of Arkansas-Louisiana Gas Co. v. Parker Oil Co., Inc., et al., 190 La. 957, 183 So. 229, 240, and in as much as the aforementioned plat was prepared and filed substantially in accordance with the provisions of Act 134 of 1896, we are forced to agree with the contention of plaintiff. It is said in the opinion of that case that,

"A dedication may be either statutory or according to the common-law. 18 C.J. sec. 1, p. 38. A distinguishing difference between a statutory dedication and a common-law dedication is that the former operates by way of a grant and the latter by way of an estoppel in pais. A further distinction may exist as regards the extent of the right conferred by the dedication. The right conferred by common-law dedication is an easement only, while in most jurisdictions a statutory dedication vests the fee of the property in the public authority to which the dedication is made. 18 C.J. sec. 6, p. 41.

"While in a common-law dedication there must be an acceptance by use or otherwise on the part of the public, this is not necessarily so in the case of a statutory dedication. 18 C.J. sec. 68, p. 73. The effect of a statutory dedication is generally indicated by the statute itself.

"We are of the opinion in view of the language contained in Act 134 of 1936, the dedication under review was complete without a formal acceptance by the public authorities. We are also of the opinion that the irrevocable character of the dedication was not affected by the fact that the property dedicated was not at once subjected to the uses designed."

In support of its announced conclusion, the court quoted approvingly the following extract from Sowadzki v. Salt Lake County, 36 Utah 127, 104 P. 111, viz.: "In all of the foregoing cases it is held that, in case the statute has substantially been

complied with, dedication is complete, and no formal acceptance by the public is necessary, and that the streets so dedicated may be opened at any time after such dedication when necessary for public use, and that a failure to open them until such time will not be deemed an abandonment thereof. In some of the cases the distinction with respect to the rights of the purchasers of lots abutting upon the highway and the duty and liability of the public with regard to such a highway is clearly pointed out. No doubt a street or highway may exist, but may not be opened for travel, and, until it is so opened, the traveler may not hold the municipality responsible in case he sustains an injury or damage in using such a street or highway."

It was further stated by the Supreme Court that, "The case of Jouett v. Keeney, 17 La.App. 323, 136 So. 175, decided by the Court of Appeal for the Second Circuit, is equally inapplicable here. The dedication in that case was also a common-law dedication which required the express acceptance of the municipality or the implied acceptance of the user of the property to become effective."

Counsel for defendant argue that strict compliance with the above mentioned act was not had in connection with the property's subdividing, and therefore no statutory dedication resulted. It is true that all details outlined in the statute were not followed; most of them were, however, and a substantial compliance, sufficient to effect the statutory dedication, took place. Griffith, by his failure to comply strictly with such statutory provisions, merely subjected himself to the penalty of the fine therein

provided. Metairie Park, Inc., v. Currie, 168 La. 588, 122 So. 859.

■ It is further contended by defendant that the City of Minden is a necessary party to this suit, and that its omission therefrom is fatal to the cause of plaintiff. The Supreme Court in Howcott v. Ruddock-Orleans Cypress Co., 146 La. 318, 83 So. 586, and the cases therein cited, has announced a contrary view. Of course, as stated in the cited case, a private person cannot maintain a suit to cause obstructions to be removed from a public street unless he shows some injury peculiar to himself. A showing of that nature has been made herein.

■ Complaint is registered that plaintiff has instituted the wrong kind of action to vindicate whatever rights she has, it being argued by defense counsel that the seeking of a mandatory injunction is necessary. No authorities have been cited and we know of none that lend support to such position.

■ The plea of estoppel is, we think, without merit. It is founded on statements made by plaintiff many years ago, but subsequent to the filing of the plat, that Griffith street did not exist. Defendant was in no manner prejudiced or injured by these statements, conceding that they were actually made, and such cannot bar the prosecution of this proceeding.

For the reasons above assigned, the rulings of the district court on the interposed exceptions and on the merits appear to us to be correct; and the judgment is, therefore, affirmed.

DREW, J., recused.