LOTTINGER, Judge.
Petitioners filed this suit to have a certain road, or a portion thereof, declared to be a public road. The petitioners are Rosenbert Champagne and his wife, Hortense Champagne. The defendants are Romain K. Bourque, L. L. Bourque and Anastasie B. Hebert. Defendant Romain Bourque owns property adjoining petitioner both on the north and south of petitioners, and defendants Anastasie B. Hebert and L. L. Bourque adjoin Romain Bourque on the opposite side from petitioners. The Lower Court awarded judgment in favor of defendants and the petitioners have taken this appeal. The facts disclose that many years ago a road, or lane, crossed the properties concerned in the Parish of Lafayette, Louisiana, at a distance averaging close to 1,000 feet east of the Vermilion River. Petition^ ers claim that this was a public road and has been maintained by the Police Jury. Petitioners further claim that certain obstruc *326 tions, consisting of fences and gates, have been placed across the road by the defendants herein, and seek to have the Court declare the said road to be a public road so that the obstructions might be removed. An exception of vagueness was filed by defendant which, after being maintained in part by the Lower Court, was rectified by virtue of a supplemental petition. After trial on the merits the Lower Court rendered judgment in favor of defendants and against the petitioners holding that the petitioners failed to prove their case, i. e., that the said road was a public one, and, even assuming that the' road was once a public one, it has been abandoned for a great number of years. The Lower Court therefore rendered judgment in favor of defendants, dismissing the suit, and petitioners have appealed.
The record discloses that many years ago there was a road or a lane running across the properties in question in a general northerly or southerly direction, and approximately along the course of the strip of land which petitioner claims to be a public road. The record further discloses that certain stretches of this road or lane have been subsequently changed in location, and, furthermore, that the said road, or lane is now not apparent on the ground. A plat prepared by A. R. Yandle, Surveyor, shows the approximate original location of the said road or lane as well as the changes in its course. Mr. Yandle testified on trial as a witness for petitioner. His testimony indicates very strongly to the effect that, although there was a road or lane as claimed by petitioner many years ago, said road or lane has ceased to be used for a great number of years. Mr. Yandle testified that in order to locate the said road it was necessary for him to have people living in the neighborhood point it out to him. The only visible evidence Mr. Yandle could find to show that a road had once existed was an opening between the tress, as well as the gates through the fences separating the properties along its course. He testified that a portion of the road had been cultivated in rice, it had been plowed up, and that there was no evidence of it having been worked by machinery. He testified that if it had not been for individuals pointing its location out to him, he would have been unable to locate the position of the road on his map. Mr. Yandle testified that, in his opinion, the said road has not been used as such for a period of at least ten or fifteen years.
There is testimony in the record to the effect that, at one time, the road in question was used by people living in the neighborhood as well as itinerant vendors. This use was some 40 or 50 years ago. The evidence establishes that even at such time there were fences and gates separating the various properties and, in order to go from one section of the road to another, it was necessary to open a gate. Although there was some testimony to the effect that a certain amount of work had been done on the road by the Police Jury, such work was performed at least 20 years ago, and the evidence does not indicate that said work was of such an extent as would change the road from a private one to a public one. In Bordelon v. Heard, La.App., 33 So.2d 88, 91, this Court said:
“We doubt very seriously however that that part of the so-called road extending from that point to the rear of defendant’s present property was worked, kept up and maintained by the police jury as it did the rest of it which was part of the old public dirt road. The testimony does show that the remainder of the strip of land was used as a pathway by a good many people for one or more purposes and it may be that as a matter of convenience to them, the Parish road grader when being used in that area, graded it on a few occasions. But we don’t believe that what was done could be said to constitute a working and maintaining of the road within the meaning and intendment of the statute. It has been so long since even anything like that has been done however that whatever *327 it was is of little avail in the matter of having established this as a public road.”
From the evidence submitted it certainly appears to us, that, although this roadway may have been a private road for the convenience of the neighborhood, it certainly does not indicate, or prove, that the said road was used and maintained in such a degree as to become a public road. Even if such use and maintenance was of the requisite degree, as to render it a public road, same has been abandoned by non-usage thereof for a period in excess of ten years. In Paret v. Louisiana Highway Commission, 178 La. 454, 151 So. 768, the Supreme Court of the State of Louisiana held that non-usage of a strip of road by the Police Jury, or the public, for a period in excess of ten years constituted an ex-tinguishment of the servitude to use same for public purposes. See also LSA-Civil Code Article 789, 3546 and Jouett v. Keeney, 17 La.App. 323, 136 So. 175.
 In support of its contention that the said roadway is a public one, petitioner cites R.S. 48:491 and Civil Codal Articles 665 and 707, dealing with roads laid out along the banks of rivers and streams. LSA-R.S. 48:491 provides, in part, that “all roads made on the front of their respective tracts of land by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads.” The location of the roadway in question however cannot be considered to be located on the bank of a bayou or stream, as the roadway in question is a minimum of 125 feet from the Vermilion River, although it does pass closer to the banks of a Coulee which runs in a northeasterly direction from the said river for a portion of the roadway. Even though the provisions of LSA-R.S. 48:491 could be held to apply, and we believe that such holding would be contrary to the case of Herbert v. T. L. James & Company, 224 La. 498, 70 So.2d 102, certainly the non-usage of said roadway for a period in excess of ten years would extinguish the servitude. Although petitioner claims that the road had to be located at such a great distance to the river because of erosion, petitioner has not proved such contention, and there is no indication that it was necessary to locate the roadway at such a great distance from the river some 50 years ago, or whenever the original roadway was so located.
Articles 665 and 707 of the LSA-Civil Code provide for public roadways along the shores of navigable rivers, as well as the re-location of same when it becomes necessary because of erosion. Again the distance from the river to the roadway, in the instant case, would remove the roadway from the provisions of said Codal Articles. In Hebert v. T. L. James & Company, supra, the Supreme Court, in overruling this Court, held that the provisions of Article 707 was not intended to serve the public for any purpose other than that which is incidental to the nature, navigability or use of the stream, and that the servitude imposed upon property bordering navigable streams does not impose a free servitude for general road purposes.
In the Hebert case the Louisiana Department of Highways was attempting to widen a 30 foot highway along the bank of Bayou Terrebonne into a 75 foot highway. The highway in question was situated only a few feet from the banks of the bayou. The Supreme Court held that the Codal Articles do not provide for the free use of the 75 foot strip along the bank of the stream, and that such strip could only be obtained by expropriation, or by reimbursement to the property owner of the value of the land used.
We feel that the record, as a whole, indicates that there may have been a roadway approximately along the course some 50 years ago. We do not believe, however, that the petitioner has proved that the roadway was a public one, and the law and the evidence indicate to us that it was merely a private lane, otherwise we do not believe that there would have been gates through *328 which the roadway ran, separating the various tracts of land.
Certainly, if the roadway was a public one, which is very doubtful, same has been abandoned by non-usage for a period in excess of ten years. We feel that the holding of the Lower Court was correct and its judgment will be affirmed.
For the reasons hereinabove assigned the judgment of the Lower Court is affirmed, all costs of this appeal'to be paid by petitioner.
Judgment affirmed.