DOUCET, Judge.
Mr. Elwade Manuel and Mr. Robert Spears, plaintiffs-appellants, instituted this suit seeking to have a road in Evangeline Parish declared as public and to have Mr. Percy Fontenot, defendant-appellee, enjoined from interfering with their use of the road in question. The trial court held that the road is private property and the plaintiffs-appellants perfected this appeal.
The plaintiffs-appellants seek to have a horseshoe-shaped road on property formerly belonging to Evangeline Academy, Inc., a non-profit corporation organized to operate and maintain a private school, and now belonging to defendant-appellee, declared a public road. On September 30, 1969, Mr. Fontenot donated a ten-acre tract in Evangeline Parish that faced Louisiana Highway No. 376 on its eastern boundary to Evangeline Academy, Inc. The donation contained a resolutory condition which reads as follows:
“The said Percy J. Fontenot, donor, declared that this donation is made for the purpose and sole consideration of the erection of a private school on said property by the Evangeline Academy, Incorporated, and it hereby understood and agreed between the parties hereto that the said property herein donated is to be used exclusively for the construction and operation of a private school by said Corporation, and that should said Evangeline Academy, Incorporated cease to maintain and operate said private school on said property, for a period of one year, then in that event, the property herein donated shall revert back immediately with full rights of possession to the donor, Percy J. Fontenot, his heirs or assigns, free from all encumbrances whatsoever, without the necessity of putting donee in default. It is further understood and agreed by and between the parties hereto that this donation is made specifically and exclusively to Evangeline Academy, Incorporated, and not to any of its successors or assigns. Upon non-fulfillment of the stipulations and conditions herein-above set forth, and the property reverting to the donor herein as a result of said non-performance or non-fulfillment of said stipulations and conditions, donee obligates itself to remove, without cost whatsoever to donor, all buildings and concrete forms or foundations placed on the property herein donated.”
In short, the donation contained the resolu-tory condition that if the donee ceased to operate and maintain the school for a period of one year, the property donated would revert back to Mr. Fontenot free and clear of all encumbrances and in the condition it was in when originally donated. A plat of survey prepared by the defendant was attached to the donation and properly filed.
After acquiring the property, the donee sought aid from the State of Louisiana for the construction of a road which was to encompass the school buildings being constructed on the premises. In order to secure this aid the donee granted a right of passage to the Evangeline Parish Police Jury who then requested aid from the State in constructing a road. A horseshoe-shaped road was constructed which had two entrances on to Louisiana Highway No. 376 which sits on the eastern boundary of the tract. The road extended to the western boundary of the tract, thereby encircling the entire tract. This road was not built in conformity with the plat filed with the donation as it was entirely on the tract and not partially on adjacent property belonging to Mr. Fontenot as the plat survey indicated. The horseshoe road is the subject of this lawsuit. The record indicates that this road was used exclusively for *260 school business and was never used nor maintained by the Evangeline Parish Police Jury.
On January 9,1975, Mr. Fontenot sold an additional parcel of property consisting of 5.07 acres to the Academy. The tract was adjacent to the western boundary of the original ten-acre tract which was donated. In the Fall of 1979 the donee ceased to maintain and operate the school, thereby effecting the reversion of the donation back to Mr. Fontenot in the Fall of 1980 pursuant to the terms of the donation. But on January 10, 1980, the plaintiffs herein, Mr. Manuel and Mr. Spears, who were the secretary and president of the Academy respectively, purchased the other five-acre tract from the Academy. After regaining the donated property in the Fall of 1980, Mr. Fontenot completely enclosed the ten-acre tract with a fence thereby preventing the plaintiffs from using the horseshoe road for access to La. Highway Number 376 rendering the five-acre tract inaccessible to a public road. The plaintiffs then filed this suit to have the horseshoe drive declared a public road and the status of this road constitutes the issue on this appeal.
The plaintiffs-appellants argue that by filing a plat survey in the public records, Mr. Fontenot dedicated for public use whatever roads that were eventually constructed on the donated property. Such a dedication if legally effective irrevocably divests the owner of the surveyed land of the property on which roads are constructed by the State. Deville v. Oakdale, 180 So.2d 556 (La.App. 3rd Cir.1965). On this basis the appellants contend that the horseshoe road is a public road dedicated for public use. This transaction however, was a donation and not a sale of a subdivision, therefor no statutory dedication ever took place. Only when a plat is recorded pursuant to the sale of property is land described within the plat dedicated for public use. Life v. Griffith, 197 So. 646 (La.App. 2nd Cir.1940). The plat was attached to the donation only to make clear the land comprising the donation, thus no public dedication took place, and the horseshoe road is not a public road on this basis.
The law governing the disposition of this case is found in La.C.C. arts. 1468, 1559, and 1568[1]. La.C.C. art. 1468 describes a Donation Inter Vivos as a donation between living persons in which the donor irrevocably divests himself of ownership. Mr. Fontenot’s donation to the Academy was such a donation. However, pursuant to La.C.C. art. 1559 there was a stipulation for revocation. The third exception to the irrevocability of donation inter vivos outlined in art. 1559 authorizes revocation when the donee ceases in his performance of a resolutory condition imposed on the donation of the donor. Mr. Fonte-not stipulated that if the donee stopped operating the school for one year then the donated property would revert back to him in full ownership. In the Fall of 1980 the school had not been in operation, therefore by operation of the terms of the donation, the ten-acre tract reverted back to Mr. Fon-tenot in full ownership. Finally the resolu- *261 tory condition provided that the property would return to Mr. Fontenot free and clear of all encumbrances. This provision enunciated the rule of La.C.C. art. 1568 which provides that donated property returns free and clear of all encumbrances when the donee ceases to perform the condition imposed on the donation.- Therefore the right of way granted to the Evangeline Police Jury by the Academy on the ten-acre tract ceased to exist when the tract reverted back to Mr. Fontenot. Mr. Fontenot is in complete ownership of the tract including any roads thereon. The horseshoe road is private property and not a public road.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are to be borne by the plaintiffs-appellants.
AFFIRMED.

.Art. 1468. Donation inter vivos, definition
Art. 1468. A donation inter vivos (between living persons) is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it.
Art. 1559. Causes for revocation or dissolution
Art. 1559. Donation [Donations] inter vi-vos are liable to be revoked or dissolved on account of the following causes:
1. The. ingratitude of the donee;
2. The non-fulfillment of the eventual conditions, which suspend their consummation;
3. The non-performance of the conditions imposed on the donee;
4.The legal or conventional return.
Art. 1568. Revocation or rescission for non-execution of condition, return of property free from encumbrances by donee
Art. 1568. In case of revocation or rescission on account of the non-execution of the conditions, the property shall return to the donor free from all incumbrances or mortgages created by the donee, and the donor shall have, against any other persons possessing the immovable property given, all the rights that he would have against the donee himself.