(122 So. 859)

No. 28979.

METAIRIE PARK, Inc., v. CURRIE.

May 20, 1929.

Dart & Dart and L. C. Guidry, all of New Orleans, for appellant.

Fred C. Querens, of New Orleans, for appellee.

LAND, J. This is a suit to compel defendant to accept title to a lot of ground in Metryclub Gardens, a subdivision owned by the plaintiff, Metairie Park, Inc.

Plaintiff has appealed from a judgment rejecting its demand and dismissing its suit, and awarding judgment in reconvention against plaintiff in the sum of $1,250, paid by defendant to plaintiff as part of the purchase price for the lot in question.

1. The lot involved in this suit is designated by the number, "56," and is situated in that part of Metryclub Gardens designated by the letter "E," in accordance with a survey made by J. F. Coleman Engineering Company, dated July 1, 1925, and filed in the clerk's office for the parish of Jefferson.

The land in which the Metryclub Gardens subdivision is located lies in that parish, and is described in the deed, of date January 12, 1923, from West Park, Inc., to Metairie Park, Inc., as land "within the boundaries of Protection Levee, or Protection Street, North Line Avenue or Street, and South Line Street,

all in the Seventh and Eighth Wards of said Parish, all as per plan of H. L. Zander, Parish Engineer, on file in the office of the Clerk of Court of the Parish of Jefferson, dated February 1, 1922, but not including the right of way of the Louisiana Railway and Navigation Co. as shown on said plan."

On March 8, 1922, the police jury of Jefferson parish approved the dedication of certain streets and accepted the plan of Henry L. Zander, parish engineer, dated February 1, 1922.

On February 10, 1923, an ordinance was adopted by the police jury of Jefferson parish, reciting, with reference to the Zander plan, that: *"The said streets have never been opened* and the tract in question is still a field, barren of improvements, and it is now proposed by the owners of the portion of said tract above described to revoke the dedication of the streets therein delineated, and to embellish the tract as a whole for other purposes, that would be rendered ineffective and impossible should said dedication remain; and that the streets in question *are not needed for any public purpose."*

For the above reasons the police jury of Jefferson parish revoked the dedication of the streets and the boundaries on the Zander plan, "save as to North Line Street for a width of seventy-five feet," and abandoned same, "save and excepting North Line Street, the dedication of which shall remain undisturbed for a width of seventy-five feet."

West Park, Inc., the vendor of plaintiff, Metairie Park, Inc., acquired this tract of land from George P. Harris February. 24, 1904. Harris acquired same from Forest Field & Home Company, Limited, July 25, 1903, and Forest Field & Home Company, Limited, acquired same by two acts, first from Robert A. Hart, February 27, 1902, and,

second, from Pontchartrain levee board, May 19, 1902.

On July 10, 1903, Forest Field & Home Company, Limited, sold the property to Zavier Realty Company, Limited, which did not record its deed until February 25, 1913. On July 25, 1903, Forest Field & Home Company, Limited, sold the same property to George P. Harris, who recorded his deed August 5, 1903.

The West Park, Inc., author in title of Metairie Park, Inc., acquired this property in 1904 from the record owner, George P. Harris, and was in continuous and actual possession of same until the date of the sale to Metairie Park, Inc., January 12, 1923, and this possession has remained uninterruptedly since the date of this sale in the present owner, Metairie Park, Inc., the plaintiff in this case, and the vendor of the defendant.

■ Defendant's complaint as to the outstanding title of the Zavier Realty Company, Limited, as a cloud upon his title, suggestive of litigation, is without serious foundation, for the reason that West Park, Inc., the immediate vendor of plaintiff, Metairie Park, Inc., purchased this property from George P. Harris, the record owner, whose deed was registered in the parish of Jefferson over nine years before the registry of the deed of the Zavier Realty Company, Limited. Harris acquired a perfect title, and the subsequent registry of the Zavier Realty Company, Limited, could not affect third parties. McDuffie v. Walker, 125 La. 152, 51 So. 100; Gousoulin v. Sparrow, 150 La. 103, 90 So. 528; Howard v. Coyle, 163 La. 257, 111 So. 697.

■ Besides, Metairie Park, Inc., plaintiff, has filed in this case a plea of prescription of ten years acquirendi causa. This plea is fully sustained by the evidence in the case, which shows continuous physical possession

of plaintiff in good faith as owner, under title translative of property, and of its author in title, West Park, Inc., Limited, since February 24, 1904, considerably more than ten years at the time the agreement to purchase was signed by defendant, May 26, 1926.

■ The registry of the deed alone by the Zavier Realty Company, Limited, did not serve to interrupt the running of prescription in favor of West Park, Inc.

As said in Jno. T. Moore Planting Co. v. Morgan's Louisiana & T. R. & S. S. Co., 126 La. 840, 879, 53 So. 22, 35: " * * * A man who is in the quiet and peaceable possession and enjoyment of his property does not have to be inspecting the public records every day, or every month or every year, or, for the matter of that every 10 or 30 years, to find out if somebody has not been recording title to his property. Until his possession is disturbed he does not have to concern himself with any claims that other people may be recording against his property."

Our conclusion is that plaintiff has a good and perfect title by the prescription of ten years.

■ 2. Defendant avers that the streets and roads dedicated under the Zander plan have been made use of by the public and by the owners of property abutting thereto, and the re-opening of said streets would affect his title and right of ownership.

This complaint is without merit. It is provided in section 1 of Act 151 of 1910: "That the police juries of the several parishes of this State and municipal corporations, shall have full power and authority, *in their discretion,* to revoke and set aside the dedication of all roads, streets and alley-ways heretofore laid out and dedicated to public use, within their respective limits when such roads, streets and alley-ways *have been aban-* doned, or are no longer needed for public purposes, 'Parish of Orleans excepted.' "

The police jury, acting within the discretion confided it by the Legislature, has found as a fact that the streets dedicated in the Zander plan "have never been opened"; that "the tract in question is still a field, barren of improvements"; and "the streets in question *are not needed for any public purpose.*"

The police jury having exercised its sound discretion in the premises, and having acted within the scope of the police power lawfully delegated to it by the Legislature, defendant is without right to question such action, in our opinion. Any other view of the case would lead to endless confusion as to the fact whether public roads and streets were dedicated or not, and would result in uncertainty as to titles to real estate, and especially as to the correct location of lots in subdivisions. Of necessity there must be some final action in such matters, and some final authority to act, and the Legislature has seen fit to confer such jurisdiction upon the police juries and municipalities of the state, to be exercised within a sound discretion.

■ 3. Defendant contends finally that plaintiff, Metairie Park, Inc., has failed to comply with Act 134 of 1896 in opening up the subdivision known as Metryclub Gardens, in that the map of the Coleman plan has not been copied in the conveyance records of Jefferson parish, and in that defendant has not formally dedicated the streets in accordance with the act.

Section 1 of Act 134 of 1896 requires that the owner of a new subdivision shall "cause to be made and filed in the office of the Keeper of Notarial Records of the parish wherein such property is situated and copied into the Conveyance Record book of such parish, a correct map of the real estate so divided,

which said map shall contain the following: * * *

"7. A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use."

The Coleman plan was on file in the office of the register of conveyances in the plat book, but was not copied in the conveyance book. The plan was actually filed in a book which was part of the conveyance records of the parish of Jefferson. In our opinion, this is a substantial compliance with the act, as such filing is in legal effect a recordation of the plan, as much so as the filing of a deed in a conveyance office is considered a registry of the deed. "The recording shall have effect from the time when the act is deposited in the proper office, and indorsed by the proper officer." R. C. C. art. 2266.

█ Defendant seems to contend that the owner of the subdivision is required by Act 134 of 1896 to imprint upon the map a formal act of dedication. If this be the case, the only penalty incurred under the statute for failure to comply with this requirement is a fine to be imposed on the owner or his agent. The title to the lot purchased is not affected by failure to observe this requirement of the statute, and, as the streets are shown and named in the Zander plan, they become dedicated to public use as soon as a lot is sold in accordance with the plan. Jaenke v. Taylor, 160 La. 109, 106 So. 711.

So, at all events, defendant is without just right of complaint in the premises, as specific performance by him of the offer to purchase made in this case necessarily carries with it a dedication to public use of the streets on the Zander plan.

█ 4. On May 26, 1926, the defendant, Charles R. Currie, offered to purchase from Metairie Park, Inc., "the unimproved real estate hereinafter described, situated in Metryclub Gardens, Parish of Jefferson, East Bank, Ward 8 to-wit: Lot No. 56, fifty-six, the whole in accordance with the plan of said sub-division made by J. Frank Coleman, C. E., dated July 1st, 1925, a copy of which is deposited in the archives of H. P. Dart, Jr., Notary Public, for general reference."

Defendant agreed to pay for said property the sum of $12,500, payable one-fourth or more cash, and the balance, if any, on or before 1, 2, and 3 years at 6 per cent. interest per annum, payable annually; act of sale to be passed before H. P. Dart, Jr., notary public, at defendant's expense, within 60 days of acceptance of this offer, taxes for the year 1926 to be prorated.

The purchasing agreement entered into by defendant on May 26, 1926, also contained certain stipulations, conditions, and agreements.

This offer was accepted in writing by plaintiff, Metairie Park, Inc., on May 27, 1926.

As plaintiff, Metairie Park, Inc., is ready, able, and willing to transfer to defendant a good and merchantable title to the property, said company is entitled, in our opinion, to specific performance of the purchasing agreement.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that, within ten days from the date of registry of this decree in the lower court, Charles R. Currie, defendant herein, specifically perform the terms of the purchasing agreement entered into by him with Metairie Park, Inc., plaintiff, on May 26, 1926, offering to purchase the property described in said purchasing agreement, and that defendant, Charles R. Currie, be decreed to be the owner of the real property described in said purchasing agreement.

It is further ordered that plaintiff, Metairie Park, Inc., have judgment in its favor against defendant, Charles R. Currie, in the full sum of $12,500, subject to a credit of $1,250, with 6 per cent. interest thereon from July 28, 1926, until paid and costs, and with recognition of plaintiff's vendor's lien and privilege on said property to secure payment of said amount in principal, interest and costs.

O'NIELL, C. J., absent, takes no part.