61 So.2d 897 (1952)
COLLINS et al.
v.
ZANDER et al.
No. 19983.
Court of Appeal of Louisiana, Orleans.
December 15, 1952.
Andrew H. Thalheim and Richard A. Thalheim, Gretna, for appellants.
Jones, Flanders, Waechter & Walker, New Orleans, for Mrs. Harold C. Ringel.
Clyde G. de la Houssaye, New Orleans, for defendants and appellants.
REGAN, Judge.
Plaintiffs, Lawrence R. Collins, Edward J. Collins and Louis N. Collins, owners of lots E and F of Plot 1 in Metairie Lawn *898 Subdivision, Metairie Ridge, Louisiana, instituted this suit against defendants, Estate of Henry L. Zander, Mrs. Henry L. Zander, his widow, and their daughters and son, Mrs. Eugene Garcia, Mrs. Harold C. Ringel and Dr. Edward L. Zander, owners of lots A, B, C and D (which adjoin lots E and F) endeavoring to obtain a mandatory injunction to compel the removal of a fence erected by the defendants which obstructs the plaintiffs' use of a "15' lawn walk", a "private parkway" and other property, and a prohibitory injunction restraining the defendants from attempting to interfere with plaintiffs' use of said walk and park based on the premise that the defendants were without authority to place the fence in its present location, for the reason that the land, on which it was erected, is public property, having been dedicated by Henry L. Zander (now deceased) at the time he subdivided the tract for residential purposes. Plaintiffs further requested that they be awarded the sum of $4,000 as damages for depreciation of their property directly resulting from the erection of the fence.
Defendants filed several exceptions of no cause or right of action which were overruled, and then answered maintaining that the filing of the plan relating to the development of this subdivision by their husband and father, who was the original owner of all of the property in the subdivision, did not constitute a dedication insofar as this property is involved and, further, that the plaintiffs did not, in fact, sustain any monetary damages. All of the defendants excepting Mrs. Harold C. Ringel reconvened alleging that, as the result of this suit, they were "harassed and embarrassed" and were compelled to employ counsel in defense thereof, therefore, they have sustained damages inclusive of attorneys' fees in the amount of $7,000.
The court, a qua, dismissed both the main and the reconventional demands and from that judgment plaintiffs appealed to the Supreme Court, which was of the opinion that it was without jurisdiction and, accordingly, transferred the case to this Court, 221 La. 275, 59 So.2d 188.
The record reveals that Henry L. Zander initially purchased a large tract of land running from the Metairie Shell Road to Lake Pontchartrain. The plaintiffs and the defendants are adjoining proprietors of a portion of the original tract developed by Zander. The defendants, as heirs of Henry L. Zander, are owners of lots A, B, C and D and plaintiffs own lots E and F, all as is reflected on a plan of Henry L. Zander, dated June 17th, 1917. According to this plan there is a portion of ground which adjoins or forms a front for lots A, B, C, D, E and F on the Metairie Shell Road side, designated on the plan as a "15' lawn walk"; immediately adjoining this "walk" is another area of ground designated as "private parkway"; then in categorical order appears the Metairie Electric Railroad's right-of-way and the Metairie Road.
The record additionally reflects that the defendants herein erected a small fence, which consisted of iron pipes about eighteen to twenty-four inches high, spaced about eight feet apart, through which was interlaced a chain running through an eyelet at the top of each pipe. This fence was erected on the Metairie Shell Road side of plaintiffs' lots E and F and ran parallel to the "15' lawn walk". There exists no doubt in our minds that this fence effectively obstructed plaintiffs' use of the "15' lawn walk". It is plaintiffs' conclusion that the mere filing of the plan in the office of the Clerk of Court and Registrar of Conveyances for the Parish of Jefferson in "Plan Book Two, Plans 32-53 * * *" relating to the Metairie Lawn Subdivision by H. L. Zander, Parish of Jefferson Engineer, now deceased, was sufficient to dedicate the "15' lawn walk" and "private parkway" and even that portion shown on the plan as Metairie Electric Railroad, to public use, and therefore, as related hereinabove, seek to compel the defendants to remove the fence and to restrain them from interfering with plaintiffs' uninterrupted use of this area and additionally requested that the court award damages in the amount of $4,000 because of the depreciation of plaintiffs' property, since the erection of this fence by defendants. Incidentally the fence was removed about the time suit was filed.
*899 Defendants, on the other hand, in endeavoring to resist the demands of plaintiffs, insisted, as we have related hereinabove, that the filing of the plan in the Office of the Registrar of Conveyances for the Parish of Jefferson by their husband and father, Henry L. Zander, did not constitute a dedication insofar as this property is concerned and that plaintiffs, in fact, did not sustain any damages by virtue of the erection of the fence.
The only serious question posed for our consideration is whether the property was either impliedly or statutorily dedicated to public use.
We are of the opinion that the "15' lawn walk" was statutorily dedicated to public use in view of the fact that Act No. 134 of 1896 (now superseded by Act No. 51 of 1930, LSA-R.S. 33:5051 et seq.) was substantially complied with by Henry L. Zander, the developer of Metairie Lawn Subdivision. We are of the further opinion that the "private parkway" and the Metairie Electric Railroad's right-of-way adjoining the "15' lawn walk" was not statutorily or impliedly dedicated to public use for the reason that Zander, who was also the Parish (Jefferson) Engineer, made it clear in this plan dated June 7th, 1917, that he did not intend to dedicate this parkway or the Metairie Electric Railroad's right-of-way for public use.
In this State a municipality or parish may acquire property in three waysby purchase, expropriation and dedication. Brasseaux v. Ducote, 1942, La.App., 6 So.2d 769. We are not concerned herein with purchase or expropriation, but with the subject of dedication and our courts have created an abundance of jurisprudence concerning this problem. 13 Tulane Law Review 606 (1939).
An analysis of the ramifications of the law on this point reflects that this State has recognized two types of dedicationstatutory and implied. Arkansas Louisiana Gas Co. v. Parker Oil Co., 1938, 190 La. 957, 183 So. 229. Implied dedication or common law dedication is, in some respects, similar to the law of contracts, in that both an offer and an acceptance are necessary. However, there is no need of a formal offer by the land ownermere acquiescence in the public use has been considered sufficient. There is also no need of a formal acceptance and the implied dedication is considered complete when the property is used by the public. A common law dedication is terminable by formal revocation, relocation or abandonment.
With respect to statutory dedication, Act No. 134 of 1896 (now Act No. 51 of 1930) outlines the mechanical procedure which a developer or property owner must follow in order to create a subdivision in a municipality or parish. This statute creates an obligation upon the developer to file a map with the Registrar of Conveyances in the Parish describing the lots, streets, alleyways, etc., together with the dimensions and names of each. The act also requires the owner of the land to make a formal dedication of the streets and alleyways which are reflected by the plan or map. The act contains no provision relative to a formal acceptance, however, the parish surveyor must acknowledge his approval.
In our opinion the case under review tracks the requirements of Act No. 134 of 1896 in all essential details. Zander, who was an engineer engaged in private practice, was also the Parish engineer, as is attested to by his signature on the plan which we have under analysis. Contrary to the requirements for the common law dedication the statutory dedication needs no acceptance. The dedication becomes complete immediately upon the recordation of the plan or map and substantial compliance with Act No. 134 of 1896 is all that is necessary to create a valid statutory dedication. Arkansas Louisiana Gas Co. v. Parker Oil Co., supra.
Counsel for defendants have pointed out that innumerable cases in our jurisprudence involving dedication deal with the subject of streets, with which they agree, but they insist that this case is distinguishable simply because a "15' lawn walk" is at issue herein. We fail to appreciate the logic of this position. It is a distinction without a difference, and we do not believe that we need use an illustration to point up the futility of this argument.
*900 Assuming arguendo, a position most favorable to the defendants, that the "15' lawn walk" was not statutorily dedicated, then we are of the opinion that it was impliedly dedicated. The principle is well established in our jurisprudence that when the owner of a tract of land subdivides it into lots and designated on the map or survey of the subdivision streets, alleys, roads, walks, etc. and then sells the property or any portion of it with reference to this plan or map, he effectively creates, by title, a servitude of passage over the streets, alleys, roads and walks, as reflected by the plan or map. James v. Delery, 1947, 211 La. 306, 29 So.2d 858 and cases cited therein.
It is conceded that the property owned by the plaintiffs was initially purchased in Metairie Lawn Subdivision from the plan thereof obviously prepared and approved by H. L. Zander, Parish Engineer.
In an Article in 12 Tulane Law Review 226, 238, the rule is stated as follows:
"Of course, a strip of ground may be dedicated to use as a street, without any particular form being necessary. The positive intent of the owner, plus the actual use by the public for the purposes intended, must be shown. Intention may be shown by deed, words, or act. * * *."
In this case the record emphatically reveals that the "15' lawn walk", as reflected on the plan hereinabove referred to, affords the occupants of plaintiffs' property a medium of ingress and egress and that the plaintiffs and members of their families had used it for this purpose. In fact, if plaintiffs had chosen to build only on Lot F and had sold Lot E, the owner thereof would have been effectively legally imprisoned within the boundaries of this lot by virtue of defendants' unwarranted erection of this fence, which per se obstructed the use of the "15' lawn walk" as far as lots E and F are concerned.
The general rule governing dedications which we find applicable to the instant case is stated in Dillon on Municipal Corporations, 5th Ed. vol. 111, Section 1079, as follows:
"An intent on the part of the owner to dedicate is absolutely essential, and unless such intention can be found in the facts and circumstances of the particular case, no dedication exists. But the intention to which courts give heed is not an intention hidden in the mind of the land owner, but an intention manifested by his acts. It is the intention which finds expression in conduct and not that which is secreted in the heart of the owner, that the law regards. Dedications have been established in every conceivable way by which the intention of the party can be manifested.
"Where a plat is made and recorded and lots are sold with reference thereto, the requisite intention is generally indisputable.
Relative to plaintiffs' plea requesting an award of $4,000 as damages, we fail to find one scintilla of evidence in the record tending to reveal that plaintiffs suffered any monetary damages by virtue of defendants' erection of the fence. In fact, it is conceded that the fence was removed upon the filing of suit by the plaintiffs.
Counsel for defendants stated in brief that since the filing of this suit Mrs. Henry L. Zander died, and that the succession of her and her husband, Henry L. Zander, was opened in the Parish of Jefferson in the matter entitled "The Succession of Henry L. Zander and Ida Dumont Zander, 24th Judicial District Court for the Parish of Jefferson, State of Louisiana" and that "under those circumstances when the final judgment shall have been rendered, the estate of the late Henry L. Zander and his wife, Ida Dumont Zander should be substituted in lieu of Mrs. Henry L. Zander, widow of Henry L. Zander.
For the reasons assigned the judgment appealed from insofar as it dismisses plaintiffs' suit is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiffs, Louis N. Collins, Lawrence R. Collins and Edward J. Collins, and against the defendants, Estate of Henry L. Zander and his wife, Ida Dumont Zander, Mrs. Eugene Garcia, Mrs. Harold C. Ringel and Dr. Edward L. *901 Zander, declaring the "15' lawn walk" to have been dedicated to public use and enjoining the said defendants from interfering with plaintiffs' use thereof.
It is further ordered, adjudged and decreed that the prayer of plaintiffs that defendants be enjoined from interfering with their use of the "private parkway" be and it is denied.
It is further ordered, adjudged and decreed that the judgment dismissing the defendants' reconventional demand be and the same is affirmed.
Defendants to pay all costs.
Reversed in part.
Affirmed in part.