174 So.2d 798

**PARISH OF JEFFERSON**

**v.**

Louis C. DOODY, Sr., Frank Sanzone, Matthew P. Doody, Walter Frank, James A. Ermon, George P. Bywater, Jr., Dr. John B. Parmley.

Nos. 47532, 47541.

May 3, 1965.

Louis G. DeSonier, Jr., Parish Atty., Robert H. Fray, Asst. Parish Atty. for Parish of Jefferson, plaintiff-appellant in case No. 47532.

William J. Wegmann and Oliver P. Carriere, Jr., of Racivitch, Johnson, Wegmann & Mouledoux, New Orleans, for defendants-appellants-applicants in case No. 47541.

William J. Wegmann, Oliver P. Carriere, Jr., of Racivitch, Johnson, Wegmann & Mouledoux, McCloskey & Dennery, John M. Page, New Orleans, for respondents in case No. 47532.

Louis G. DeSonier, Jr., Parish Atty., Robert H. Fray, Asst. Parish Atty., McCloskey & Dennery, John M. Page, New Orleans, for respondents in case No. 47541.

McCALEB, Justice.

The Parish of Jefferson instituted separate suits (which were consolidated for

trial in the district court and for decision on appeal) against each of the above named defendants, who are owners of property in Wilshire Heights Subdivision in Jefferson Parish, seeking a mandatory injunction for the removal of certain fences which the defendants have erected on and over a strip of ground 14.69 feet wide, designated as "Martin Behrman Walk", abutting the rear of defendants' property and which, it is alleged, is public property having been dedicated to public use according to a plan recorded in the Parish Map Book of Canal Street Subdivision.

Defendants filed a joint answer and reconventional demand in which they admitted the erection of the fences on Martin Behrman Walk but, denying that said walk was dedicated to the public, alleged that they have had the undisturbed possession of the property located within the enclosures for more than one year immediately prior to the institution of the suits. In a supplemental answer it was alternatively averred that, should the Court hold Martin Behrman Walk dedicated to public use, said dedication was restricted to use as a walkway and that the parish authorities should be enjoined from using the same for any other public purpose.

Mr. and Mrs. Robert O. Jesclard, the owners of six lots located in Canal Street Subdivision fronting on Martin Behrman Walk, intervened in the proceedings and joined with the parish in demanding the same relief against certain defendants, owners of Lots 1, 2 and 3 in Square 9 of Wilshire Heights Subdivision, who have fenced in Martin Behrman Walk and are thus depriving intervenors of the use of said walk as a means of ingress and egress. While relying on the plan of Canal Street Subdivision recorded in the Map Book of the Parish of Jefferson as a dedication of Martin Behrman Walk, the intervenors also pleaded estoppel pointing out that the titles, under which defendants acquired, recite that their property is bounded in the rear by Martin Behrman Walk. Intervenors further pleaded that defendants were estopped by the act of dedication of Wilshire Heights Subdivision passed before Harold A. Buchler, N.P., on May 31, 1956 under which Wilshire Homes Inc. dedicated to the Police Jury, Parish of Jefferson, the property described in said act and shown on the plan of Adloe Orr, Jr. and Assoc. C.E., annexed thereto. This plan discloses a strip of ground 14.69 feet wide designated "Martin Behrman", situated adjacent to the rear property line of said Lots 1, 2 and 3, running from Harrison Avenue to Ursuline Street, and was registered in the Conveyance Office of the Parish and approved by the Police Jury by ordinance adopted May 16, 1956.

Following a trial of the case on the foregoing issues, defendants filed exceptions of no right of action and of prescription, liberandi causa, under Article 789 of the

Civil Code.[1] These exceptions were overruled and judgment was rendered in favor of plaintiff and intervenors, the judge holding that the dedication of Martin Behrman Walk to the Parish of Jefferson was effective either as a statutory dedication or an implied dedication, and defendants were ordered to remove at their cost the fences or other obstacles encroaching thereon.

■ Defendants then appealed to the Court of Appeal, Fourth Circuit, where it was held that the parish could not prevail and defendants' exception of no right of action was maintained. The court deduced that the dedication was not valid as a statutory dedication because it failed to substantially comply with Act 134 of 1896 (now R.S. 33:5051) and, moreover, that it could not be sustained as an implied or "common law" dedication since plaintiff had not presented sufficient evidence to prove that it had been accepted by either the Parish or by use of the public.[2] Because of the lack of proof of acceptance, the court dismissed plaintiff's suits without prejudice. Conversely, the judgment in favor of intervenors was affirmed, the court finding that intervenors had established a servitude of passage over Martin Behrman Walk within the immediate vicinity of their property.

See Parish of Jefferson v. Doody, La.App., 167 So.2d 489. From this adverse decision, the Parish of Jefferson applied for a writ of certiorari and the defendants, being aggrieved by the dismissal of the case as of non-suit and the affirmance of the trial court's judgment in favor of intervenors, also sought review here. The applications were granted and the case has been argued and submitted for our determination.

The facts are undisputed. Defendants are owners of lots in Wilshire Heights Subdivision, which is situated between the two strips of land comprising Canal Street Subdivision and is bounded on the west by Martin Behrman Walk, all as shown by the plan of Wilshire Heights dated May 6, 1956 of Adloe Orr, Jr. and Associates. This plan is filed in the Conveyance Office of Jefferson Parish and conforms in all respects with the provisions of Act 134 of 1896.

Both subdivisions are situated on the east bank of the Mississippi River in the Metairie Ridge section of Jefferson Parish. Canal Street Subdivision extends from the vicinity of Lake Pontchartrain, which is to the north, to Canal Street, its boundary on the south. Canal Street, as shown on a small map of the general location of

1. This article provides that a right of servitude is extinguishable by nonusage during ten years.

2. An implied or "common law" dedication imposes a servitude on the land

which must be accepted expressly or by use in order to obtain legal recognition. James v. Delery, 211 La. 306, 29 So.2d 858; Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229.

the property contained in the subdivision plan, is actually a continuation or projection into Jefferson Parish of Canal Street of New Orleans.

Canal Street Subdivision was acquired by Home Builders Realty Co. on July 21, 1914 by act before Felix J. Dreyfous, Notary Public, which act contains a plan of Canal Street Subdivision. This plan discloses various streets by name, as well as numbered squares and lots, bearing the legend "Home Builders Realty Co." and is on file in the Parish Map Book which is kept in the office of the Clerk of Court and ex officio Recorder. A copy of this plan was offered in evidence and also a photostat of the same bearing the certification of F. C. Gandolfo, Jr., Surveyor, that " * * * this is a reduced facsimile of the plan of Canal St. Subdivision made by Alfred E. Bonnabel, a copy of which was deposited in a book of plans in the archives of Jefferson Parish notarial archives. A comparison between these two having been made by me."

It is the contention of the plaintiff and intervenors that the plan of Canal Street Subdivision as filed in the Map Book of Jefferson Parish, although not signed by the parish surveyor and not containing a formal dedication by the owner, constituted a substantial compliance with Act 134 of 1896 under the holdings in Metairie Park, Inc. v. Currie, 168 La. 588, 122 So. 859 (1929); Life v. Griffith (La.App.), 197 So. 646, cert. denied (1940); Collins v. Zander (La.App.), 61 So.2d 897 (1952) and Police Jury v. Noble Drilling Corporation, 232 La. 981, 95 So.2d 627 (1957).

The Court of Appeal, in ruling that the filing of this plan was not a substantial compliance with the statute, stated that the plan of Canal Street Subdivision was insufficient because it bears no signature; that it does not indicate by whom it was prepared and there is nothing to show that it is a correct map of the real estate to be offered for sale; that it makes no mention of section, township or range in which the subdivision is situated and that it does not contain a certificate of the parish surveyor as to its correctness and no statement of dedication of the streets, alleys and walkways, formal or otherwise, to the public use.

■ In our jurisprudence two forms of dedication are recognized, viz., statutory or implied "common law" dedication. See Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229, in which this subject is discussed and often cited. See also 13 Tulane L.Rev. 606; 25 Tulane L.Rev. 88.

■ The only statutory law prescribing a method of making dedications of land for public use in this State is Act 134 of 1896 (now R.S. 33:5051), which is essentially a penal statute enacted for the protection of the purchasers of lots in tracts subdivided and sold by the owner under a

plan.[3] The act provides, in substance, that, whenever the owner of real estate shall desire to subdivide the same into squares or lots with streets and alleys between such squares or lots with the intention of offering for sale said squares or lots, it shall be the duty of the owner before offering such subdivided property for sale to cause to be made a correct map of the real estate so divided which map shall be filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied in the conveyance record book and that such map shall contain:

(1) The section, township and range in which such real estate lies according to government survey;

(2) The number of squares by numerals from one up and the dimensions of each square in feet and inches;

(3) The number of each lot or subdivision of a square and its dimensions in feet and inches;

(4) The name of each street and alley, its length and width in feet and inches;

(5) The name and number of each square or plat dedicated to public use;

(6) A certificate of the Parish Surveyor of the parish wherein the property is situated " * * * in the correctness of the map" and

(7) A formal dedication to public use made by the owner of all of the

---

3. In dealing with land dedications to public use made prior to the enactment of the 1896 statute, this Court adopted the sound rule set forth by Mr. Dillon in his treatise on Municipal Corporations. It was stated in Richard v. City of New Orleans, 195 La. 898, 197 So. 594, that: "The question of dedication vel non is the question to be decided in this case. Title by dedication must emanate from the owner whose intent to dedicate must be manifested by his acts. The general rule governing dedications is stated in Dillon on Municipal Corporations, 5th Ed., vol. III, sec. 1079, as follows:

" 'An intent on the part of the owner to dedicate is absolutely essential, and unless such intention can be found in the facts and circumstances of the particular case, no dedication exists. But the intention to which courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts. It is the intention which finds expression in conduct and not that which is secreted in the heart of the owner, that the law regards. Dedications have been established in every conceivable way by which the intention of the party can be manifested.

" 'Where a plat is made and recorded and lots are sold with reference thereto, the requisite intention is generally indisputable.'

"There are a number of cases in our jurisprudence that recognize and apply the general rule that the selling of lots with reference to a plat showing streets and avenues amounts to an immediate and irrevocable dedication of such streets and avenues to the public. One of these cases is Sheen v. Stothart, 29 La.Ann. 630. Another case is Iseringhausen v. Larcade, 147 La. 515, 85 So. 224."

streets, alleys and public squares shown on the map.

Section 2 provides that any violation of the Act shall be a misdemeanor, punishable by imposition of a fine for each offense, and Section 3 makes it the duty of the clerks and ex officio recorders in all parishes to refuse to place on record any deeds of sale of property coming under the provisions of the Act unless all of its provisions have been complied with.

Insofar as the instant case is concerned, the plan of Canal Street Subdivision on file in the Map Book of Jefferson Parish fully complies with the requirements enumerated in paragraphs numbered 2, 3, 4 and 5 of the statute.

It has been held in the cases relied on by plaintiff and intervenors, however, that performance with all requirements of the statute is not necessary for the effectuation of a valid dedication and that it suffices there be a substantial compliance. For example, in Metairie Park v. Currie, supra, where the same contention was made as herein, i. e., that the map was not copied in the conveyance records and that plaintiff had not formally dedicated the streets in accordance with the Act, this Court, in rejecting the argument, stated:

"The Coleman plan was on file in the office of the register of conveyances in the plat book, but was not copied in the conveyance book. The plan was actually filed in a book which was part of the conveyance records of the parish of Jefferson. In our opinion, this is a substantial compliance with the act, as such filing is in legal effect a recordation of the plan, as much so as the filing of a deed in a conveyance office is considered a registry of the deed. 'The recording shall have effect from the time when the act is deposited in the proper office, and indorsed by the proper officer.' R.C.C. art. 2266.

"Defendant seems to contend that the owner of the subdivision is required by Act 134 of 1896 to imprint upon the map a formal act of dedication. If this be the case, the only penalty incurred under the statute for failure to comply with this requirement is a fine to be imposed on the owner or his agent. The title to the lot purchased is not affected by failure to observe this requirement of the statute, and, as the streets are shown and named in the Zander plan, they become dedicated to public use as soon as a lot is sold in accordance with the plan. Jaenke v. Taylor, 160 La. 109, 106 So. 711.

"So, at all events, defendant is without just right of complaint in the premises, as specific performance by him of the offer to purchase made in this case necessarily carries with it a

dedication to public use of the streets on the Zander plan."

■■ Thus, it is seen that the Court has not regarded essential a detailed compliance with the requirements of Act 134 of 1896 in order to effect a statutory dedication but, rather, that failure of the owner and subdivider to follow strictly the mandate of the law only renders him amenable to prosecution for the penalty therein prescribed. And this is the realistic and common sense view of the statute. For we can think of no plausible reason for deducing that an owner, who seeks to subdivide and sell his land as a commercial enterprise and has filed a plan in the recorder's office (showing the squares, lots and abutting streets, alleys or walks) under which he proposes to develop the subdivision, has not validly dedicated the streets, alleys and walkways to the public use merely because he has failed to observe detailed requirements which were inserted in the statute solely for the benefit and protection of the land purchasers. And if the owner must be held to have effected a dedication, a fortiori, trespassers (like defendants herein) upon such public ways find themselves in no position to oppose the claims of the parish authorities seeking to have them evicted therefrom.

■ The ruling of the Court of Appeal, that the legal requirements for a statutory dedication have not been substantially complied with in the instant case overlooks, in our opinion, the basic purpose of the statute which, incidentally, does not require that the plan of subdivision bear the signature of the person preparing it. Nor do we think that the omission from the plan of the section, township or range in which the land is situated is of any consequence in this case. Indeed, the plan contains a small map depicting the general location of the subdivision, which is shown to be situated within the Metairie Ridge suburban area of Greater New Orleans, bounded on the north by Lake Pontchartrain and extending south to the Mississippi River

■ It is true that there is no express statement of the dedication of the streets and alleys contained on the plan. But, aside from the fact that a similar omission was found to be insubstantial in Metairie Park v. Currie, it appears to us that implicit in the act of filing of a plan of subdivision in the map book of the parish, showing squares, lots, streets, alleys and walkways, is the intent on the part of the subdivider of dedicating the streets, walks and alleys to the public use. See Richard v. City of New Orleans, 195 La. 898, 197 So. 594.

■ For similar reasons, we do not regard the absence of a certificate of Parish Surveyor's approval of the plan as good cause for holding the dedication of streets and other public places to be invalid. The

purpose of the requirement of the Parish Surveyor's certificate is to assure that the plan of subdivision is correct in its statement of dimensions of the lots, squares, streets and alleys. But failure to include such approval does not render ineffective the plain intent of the subdivider to irrevocably dedicate the streets, alleys and walkways shown thereon to the public use.

Finally, we address out attention to defendants' alternative plea in reconvention that, in the event it is held that Martin Behrman Walk has been legally dedicated, plaintiff should be restrained from using it for any purpose other than a walkway. The Court of Appeal rejected this demand on the ground that the Parish has taken no official action to enlarge and convert it into a public street. Counsel for defendants contend that this ruling is erroneous because evidence was adduced, including that of the Planning Director of Jefferson Parish, to the effect that official meetings had been held in which it was indicated that the Parish expected to widen the walk so that it could be used as a street.

We think the Court of Appeal ruled properly on this point. An examination of the evidence satisfies us that defendants' claim is premature as there has been no firm action taken by the parish authorities to carry out any plans which might have been considered with respect to widening Behrman Walk so that it could be utilized as a street.

For the reasons assigned, the judgment of the Court of Appeal is annulled and reversed insofar as it altered the judgment of the district court, which judgment is now reinstated and affirmed at defendants' costs.