180 So.2d 556 (1965)
Elburn DEVILLE, Plaintiff and Appellant,
v.
CITY OF OAKDALE, Defendant and Appellee.
No. 1568.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1965.
Baggett & Hawsey, by Lemuel E. Hawsey, Jr., Lake Charles, for plaintiff-appellant.
C. W. Berry, Jr., Oakdale, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff seeks a writ of mandamus to compel the city of Oakdale to open two streets adjacent to his residential property. The district judge denied the writ. Plaintiff appealed.
The essential issues are (1) whether there was a statutory dedication of the streets and (2) whether the opening of dedicated streets is a discretionary duty of the city, for which mandamus will not issue, or a ministerial duty, for which mandamus will issue.
The general facts show that in 1944 a plat of McCullin's Subdivision, showing blocks, lots, streets, etc. was recorded in the conveyance records of Allen Parish. One of the issues is whether the filing of this plat constituted a statutory dedication of the streets. This issue will be discussed later in more detail.
In 1957 the city of Oakdale extended its limits to include McCullin's Subdivision. Several of the streets in the subdivision had already been opened, i. e., graded, graveled or paved, but others had not. The city continued to maintain the streets which had been opened, but took no action as to those which had not.
*557 The plaintiff, Deville, had purchased two of these subdivision lots, less a small portion, in 1946. In about 1964 Mr. Deville placed a house on this property. The property fronts 100 feet on a street which was previously opened and is now being maintained by the city. But a low wet place between this street and the house prevents use thereof as a route for ingress and egress. The property also has frontage on two other streets in the subdivision, 6th Street and 17th Street, which have never been opened and on which large trees are actually still growing.
Deville made a written request to the city of Oakdale to open 17th Street. The city refused, stating its policy was to accept and maintain only streets which had previously been opened and placed in usable condition by the property owners. The city said it had no funds with which to open new streets.
Mr. Deville then decided he would do whatever is necessary to make 17th Street usable for ingress and egress to his house. Accordingly, he began by placing several pieces of 12-inch culvert in a ditch at the intersection of 17th Street and 7th Avenue, which was already being maintained by the city. He then hauled 5 yards of dirt and placed it over these culverts to make a driveway down unopened 17th Street to his house, a distance of about 600 feet.
At this point the city objected and filed a suit against Mr. Deville to enjoin him from "constructing a street intersection at 7th Avenue and 17th Street." That suit, entitled "City of Oakdale v. Elburn Deville", No. C-121-65 on the docket of the Thirty-first Judicial District Court, was tried on its merits and the district judge wrote an opinion holding the city was entitled to the injunctive relief sought. However, no judgment was ever signed in that case and it is not before us on appeal. But, the entire record in that proceeding has been introduced in evidence in the present suit.
The next development in this chain of events is that plaintiff filed the present action against the city for a writ of mandamus compelling the city to open 17th Street and 6th Street, and likewise directing the city to permit plaintiff to use them. The district judge denied the writ. He decided that, pretermitting the question of whether the streets had been properly dedicated, the opening of streets, as well as the maintenance and the closing thereof, is a purely discretionary duty of the city, for the performance of which mandamus will not issue.
We will first address ourselves to the issue of whether there has been a statutory dedication of the streets in question. As stated above, a plat of McCullin's Subdivision was recorded in 1944. The subdivision was annexed to the city in 1957. The city contends there has been no dedication of the unopened streets because the plat filed in 1944 failed to meet several of the requirements of statutory dedication. LSA-R.S. 33:5051. For instance, the plat designated the blocks by letter, instead of by number; it dedicates no squares to public use for parks, etc.; the name of the surveyor is printed instead of signed; and the plat shows no express dedication of streets, parks, etc.
We think the jurisprudence is now established that the failure to comply with such formalities of the statute does not prevent the dedication of streets becoming effective. When lots are sold with reference to a recorded subdivision plat showing streets, these streets become dedicated to public use, regardless of the formal requirements of the statute. Iseringhausen v. Larcade, 147 La. 515, 85 So. 224; Metairie Park v. Currie, 168 La. 588, 122 So. 859; Life v. Griffith, La.App., 197 So. 646; Collins v. Zander, La.App., 61 So.2d 897. There is no question but that the streets in McCullin's Subdivision have been dedicated.
The next issue is whether plaintiff is entitled to a writ of mandamus to *558 compel the city to open these streets and to permit plaintiff to use them. A reading of LSA-C.C.P. Articles 3861-3863 shows that a writ of mandamus may be issued directing a public officer or corporation to perform a "ministerial duty required by law". Our jurisprudence is established that mandamus lies only to compel the performance of purely ministerial duties, or to correct an arbitrary abuse of discretion, and that it will not be issued in doubtful cases. State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665. State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187; State ex rel. Summit Fidelity & Surety Company v. Police Jury of Rapides Parish, 131 So.2d 623 (La.App. 3rd Cir. 1961).
No abuse of discretion as to the opening of the streets has been alleged or shown. Thus, the mandamus sought cannot issue on this ground.
Let us now see whether the city has a clear and specific ministerial duty, required by law, to open these dedicated streets. The city of Oakdale is governed by the provisions of LSA-R.S. 33:321 et seq., commonly called the "Lawrason Act". LSA-R.S. 33:401 provides in pertinent part that the mayor and board of aldermen shall have "power":
"(18) To maintain streets and roads in the limits of the municipality."
"(19) To close and vacate any street or alley, or any portion thereof, and where the fee is in the municipality to lease or dispose of same by sale or otherwise.
* * * * * *
"(21) To exercise full jurisdiction in the matter of streets, sidewalks, sewers, and parks; to open, lay out, and construct the same; to repair, maintain, pave, sprinkle, adorn, and light the same."
Counsel have cited no case deciding whether the duties of the municipality with reference to streets, as quoted above, are discretionary or ministerial. However, we think it is apparent from a mere reading of the statute, that these duties are discretionary. By the very language of the Lawrason Act, the municipality is given the "power" to open, lay out, construct, maintain, close and otherwise regulate and control streets within its boundaries. No statute has been called to our attention which provides that the city must open and maintain all dedicated streets in its jurisdiction. In the absence of any such clear and specific ministerial duty required by law, a writ of mandamus cannot issue.
This case is somewhat similar to State ex rel. Saint v. Mayor and Commission Council, 166 La. 817, 118 So. 30, 31 (1928). There, the Louisiana State Board of Health sought a mandamus to compel the city to provide sanitary market places, which would have required the remodeling and reconstruction of existing markets. In denying mandamus, the court held as follows:
"It seems clear to us that, while the state board of health has the power to restrain, by injunction, the use of any market, whether publicly or privately owned and operated, until its sanitary code is complied with, it has no power to control, by mandamus, the discretion of the commission council with respect to its disposition of municipally owned property.
"It is clear that relator has mistaken his remedy, and therefore the judgment making the preliminary writ of mandamus peremptory must be set aside."
Plaintiff argues the unopened streets in question have been dedicated to the public and he, as a member of the public, is entitled to use them as such. LSA-C.C. Articles 453, 454 and 482. He contends that since he has a right to use the streets, the city has a duty to open them and to permit him to use them. We cannot agree with these conclusions. As we have stated above, and as is clearly set forth in the Lawrason Act, the city's duties and powers *559 with reference to streets are purely discretionary. The city cannot be compelled by mandamus to open these streets and, since the city has as yet exercised no control over them whatever, it cannot be compelled to permit Mr. Deville to use them. The city has no clear and specific ministerial duty, required by law, to open all dedicated streets or to permit any one to use them. It is possible that the city could be enjoined from interfering with the use of an unopened dedicated street by a member of the public, but this is an entirely different question and is not before us.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.