In re PROVIDENT GENERAL CORPORATION d/b/a Alexandria Memorial Gardens, Debtor.

**Bankruptcy No. 479–00002–LO.**

United States Bankruptcy Court,
W.D. Louisiana.

Aug. 24, 1983.

Gerald H. Schiff, Opelousas, La., for trustee, William C. Sandoz.

John F. Robichaux, Lake Charles, La., for Louisiana Sav. Ass'n.

OPINION

RODNEY BERNARD, Jr., Bankruptcy Judge.

This matter is before the court on remand from the U.S. District Court for the Western District of Louisiana, Lafayette Divi-

sion. The question for consideration on remand is whether the subject 2.006-acre tract of land was dedicated to the public as a cemetery prior to the execution of the contested mortgage.

The trustee has objected to a claim of Louisiana Savings Association, as a secured claim. Louisiana Savings holds a real estate mortgage on certain property of the estate which the trustee contends is cemetery property, incapable of being mortgaged under Louisiana law.

The parties stipulated to the following facts:

On April 24, 1956, Alexandria Memorial Gardens, Inc., (AMG) acquired a forty-three (43) acre tract of land from Thomas Roby. Beginning in 1956, AMG filed several plats of survey of the 43-acre tract depicting it as a cemetery. The 2.006 acre tract mortgaged to Louisiana Savings was part of the 43-acre tract acquired from Roby. On June 27, 1958, AMG sold the 2.006 acres of the 43-acre tract to its president, Roger G. McCoy. McCoy constructed a house on the smaller tract and resided there until June 17, 1971. On that date, McCoy reconveyed the parcel to AMG and AMG simultaneously granted the mortgage in question to Rapides Savings and Loan Association, the predecessor of Louisiana Savings. Between the dates of October 17, 1956 and June 30, 1959 several plats of survey prepared by LaFargue and Sandifer, Surveyors, were recorded by the Clerk of Court, Rapides Parish, Louisiana.

The trustee contends that the mortgage on the 2.006 acres granted in favor of the mortgagee is invalid because: 1) the 43-acre tract was dedicated to the public for use as a cemetery prior to the execution of the mortgage, and 2) La.R.S. 8:3 provides that property dedicated for cemetery use is not susceptible to mortgage.[1]

A "cemetery" is a place or area set apart, either by governmental authority or private enterprise, for the interment of the dead. The term includes not only lots for depositing the bodies of the dead, but also, in connection therewith, avenues, walks, and grounds for shrubbery and ornamental purposes. 14 Am.Jur.2d, Cemeteries, § 1 (1964) (citations omitted).

The law contemplates two classes of cemeteries—public and private. A public cemetery is one used by the general community, a neighborhood, or a church, while a private cemetery is one used only by a family or a small portion of the community. However, the test of whether a cemetery is public or private is public user, and not who has title thereto. Thus a cemetery, though privately owned or maintained, may be deemed a public cemetery if it is open, under reasonable regulations, to the use of the public for the burial of the dead. It has been said that a cemetery, though privately owned, is properly classified as a "public cemetery" as distinguished from a private one, where it consists of a great number of small burial plots or sites, sold and for sale to the public. 14 Am.Jur.2d Cemeteries, § 2 (1964). (citations omitted).

There is no doubt that Alexandria Memorial Gardens is a public cemetery. Although it is owned and was developed by a private corporation, it consists of many small burial plots as well as a mausoleum, of which spaces have been sold and are for sale to the public.

1. La.R.S. 8:3 provided: "Public cemeteries, with the monuments erected thereon, are exempt from taxation and from seizure and sale for debt, and are not susceptible of mortgage, whether legal or conventional. It is unlawful for any recorder of mortgages to record or certify the existence of any privilege or mortgage bearing on public cemeteries or any part thereof."

La.R.S. 8:3 was in effect and was the applicable law at the time Louisiana Savings' predecessor granted the mortgage in 1971.

La.R.S. 8:3 was amended and re-enacted by Acts 1974, No. 417 § 1. Its successor statutory provision is La.R.S. 8:313, which provides:

"Property dedicated for cemetery purposes, including cemetery spaces and the land on which they stand, shall be exempt from seizure and sale for debt and shall not be susceptible for mortgage or other hypothecation, whether legal or conventional, and it shall be unlawful for any clerk of court or recorder of mortgages to record or certify any mortgage or encumbrance as bearing against any such property."

There are two basic types of dedication, namely, formal or statutory dedication and common law dedication. The requirements for a formal or statutory dedication are set out in La.R.S. 33:31[2] and 33:5051.[3] The purpose of these statutes is to establish the method by which towns and subdivisions may be created. Louisiana Revised Statute 33:5051 requires recordation of a full description of the land to be included in the subdivision and a formal dedication of the various "streets, alleys and public squares or plats". However, the Louisiana courts have held that "substantial compliance" with the requirements of the statute is all that is necessary.[4] Thus, the mere recorda-

tion of a map or plat will be sufficient to constitute a dedication of the roads, streets or other public places indicated thereon; there is no requirement that there be an acceptance by the public.[5] Whether or not a tract of land may be dedicated as a cemetery in this manner has never been determined, but the language of these statutes seems broad enough to permit provision for public cemeteries to be made by this method.[6]

The second type of dedication is common law dedication. Although no particular form is required to effect this type of dedication, there must be some definite indication of the owner's intention to dedicate his

**2.** La.R.S. 33:31 provides:

"If any person desires to found a city, town, or village on his land, he shall cause a survey of the land to be made and file a plat thereof, neatly made on good and durable tracing cloth, in the office of the recorder of the parish in which the land is situated, describing its exterior boundaries according to the survey, giving the name of the city, town or village to be founded; and exhibiting its streets, alleys, sidewalks, or paths, squares, if any, blocks and lots; and giving the size of the same, with the measurements of the same and the names or numbers of the streets and alleys, the names of the public squares, the number of the blocks, and the number of each lot in the various blocks. He shall further execute and cause to be recorded in the office of the recorder of the parish in which the land is situated an act in which he dedicates the use of the streets, alleys, and sidewalks to the traveling public and the public squares, if any, for the purpose of recreation and for the purpose of being ornamented with shrubberies and shade trees."

**3.** La.R.S. 33:5051 provides:

"Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any squares or lots or any portion of same, cause the real estate to be surveyed and platted or subdivided by a licensed surveyor or civil engineer into lots or blocks, or both, each designated by number, and set stakes, which shall be permanent in nature, at all of the corners of every lot and block thereof, properly marked so as to designate the correct number of each lot and block; write the legal description of the land on the plat or map, and cause to be made and filed in the office of the keeper of notarial records of the parish wherein the property is situated and copied into the conveyance record book of such parish, and a

duplicate thereof filed with the assessor of the parish a correct map of the real estate so divided, which map shall contain the following:
(1) The section, township, and range in which such real estate or subdivision thereof lies according to government survey.
(2) The number of squares by numerals from "1" up, and the dimensions of each square in feet and inches.
(3) The number of each lot or subdivision of a square and its dimensions in feet and inches.
(4) The name of each street and alley and its length and width in feet and inches.
(5) The name or number of each square or plat dedicated to public use.
(6) A certificate of the parish surveyor or any other licensed surveyor or civil engineer of this state approving said map and stating that the same is in accordance with the provisions of this Section and with the laws and ordinances of the parish in which the property is situated.
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use."

**4.** *Metairie Park v. Currie,* 168 La. 588, 122 So. 859 (1929); *Life v. Griffith,* 197 So. 646 (La.App.2d Cir.1940); *Deville v. City of Oakdale,* 180 So.2d 556 (La.App.3rd Cir.1965); *Conrad v. Reine,* 240 So.2d 915 (La.App. 4th Cir.1970).

**5.** *Collins v. Zander,* 61 So.2d 897 (La.App.Orl. 1952); *Arkansas-Louisiana Gas Co. v. Parker Oil Co.,* 190 La. 957, 183 So. 229 (1938).

**6.** See, Footnote 2 & 3, and "Note", 16 La.L.Rev. 582, 583–4 (1956); *Roberts v. Stevens,* 389 So.2d 782, 784 (La.App. 3rd Cir.1980), (See Footnote 1, page 784 of opinion regarding dedication of a cemetery by filing a plat pursuant to La.R.S. 33:5051 and 33:31).

land to the public. To complete this type of dedication there must be an acceptance by the public.[7]

In the instant case, various plats of survey have been filed of record with the Clerk of Court's office for the Parish of Rapides, State of Louisiana. These plats have been filed in the record of this bankruptcy proceeding. In particular, a plat depicting the entire 43-acre tract was filed on October 17, 1956 with the parish clerk of court's office. The plat includes the 2.006-acre tract as a part of the larger 43-acre plat.

As was said by the Louisiana Supreme Court in *Humphreys v. Bennett Oil Corp.,* 195 La. 531, 197 So. 222 (1940):

> " . . . [I]t is settled in this state and at common law that the vital principle underlying dedication is the intention to dedicate, and, so far as the owner is concerned, the dedication is made when such intent on his part is unequivocally manifested. It is settled also that, when the public, or those in whose favor the dedication is made, accept and make use of the property for the purpose intended, the dedication is complete."

The intention to dedicate the 43-acre tract to cemetery use is clearly revealed by the filing of the plat of survey in the public records. It constitutes an unequivocal manifestation of the intent to dedicate. Furthermore, the public use of the 43-acre tract for cemetery purposes constitutes formal acceptance and effectively dedicated the tract to the public, exclusively for cemetery use. Additionally, as a point of interest, the only means of access to the 2.006-acre tract is by passage over the avenues running through the cemetery gardens.

This court finds that the 2.006-acre tract of land was dedicated to cemetery use by the actions of Alexandria Memorial Gardens, Inc., in filing the plats of survey for the entire 43-acre tract. The dedication to public use as a cemetery occurred prior to the granting of the mortgage in 1971. Therefore, the mortgage is declared to be invalid because property dedicated for cemetery use is not susceptible of mortgage under Louisiana law.

Judgment for the trustee will be entered in accordance with this opinion.

---

**7.** *New Orleans v. Carrolton Land Co.,* 131 La. 1092, 60 So. 695 (1913); *Kemp v. Town of Independence,* 156 So. 56 (La.App. 1st Cir. 1934); "Note", 16 La.L.Rev., *supra.*